IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 07-732 SI |
| Plaintiff, | **ORDER RE: DEFENDANT'S MOTION TO DISMISS INDICTMENT** |
| v. | |
| BARRY LAMAR BONDS, | |
| Defendant. / | |

On February 29, 2008, the Court heard argument on defendant's motion to dismiss or, alternatively to strike portions of the indictment. For the reasons set forth below, the Court GRANTS IN PART the motion and directs the government to either elect a single charge within each perjury count upon which to proceed, or seek a superseding indictment. (Docket No. 21). As discussed at the hearing, the government will notify the Court of its course of action at the March 21, 2008 status conference.

**DISCUSSION**

Defendant argues that each of the four perjury counts alleged in the indictment contains multiple alleged false statements concerning distinct subjects, and thus as currently framed, the indictment is "duplicitous." Defendant also contends that Count Five, obstruction of justice, is duplicitous because that count is partly based on the four perjury counts. Count One charges five false statements, Count Two charges two false statements, Count Three charges four false statements, and Count Four charges eight false statements; in addition, some of the alleged false statements within each count were in response to questions that were either compound or had several subparts.

"An indictment is duplicitous where a single count joins two or more distinct and separate

offenses." *United States v. Ramirez-Martinez*, 273 F.3d 903, 913 (9th Cir. 2001), *overruled on other grounds*, *United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) (en banc). "One vice of duplicity is that a jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of a particular offense." *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976), *cert. denied*, 430 U.S. 966 (1977). "A duplicitous indictment also could eviscerate the defendant's Fifth Amendment protection against double jeopardy, because of the lack of clarity concerning the offense for which he is charged or convicted." *United States v. Aguilar*, 756 F.2d 1418, 1420 n.2 (9th Cir. 1985).

The test for determining whether a single count improperly contains multiple, distinct offenses is "whether identical evidence will support each of them, and if any dissimilar facts must be proved, there is more than one offense." *United States v. Holley*, 942 F.2d 916, 928 (5th Cir. 1991) (*quoting Bins v. United States*, 331 F.2d 390, 393 (5th Cir. 1964)). In the present indictment the Court finds that each of the perjury counts joins two or more factually distinct and separate offenses. For example, Count One alleges that defendant lied when he denied taking steroids "or anything like that" in the weeks and months leading up to November of 2000 (statements (1)(b) and (1)(c)), and that defendant lied when he denied taking flax seed oil, cream, or any other steroids in January 2001 (statement (1)(e)). These are distinct alleged false statements, and would require different proof regarding different time periods and arguably of different substances. Similarly, Count Two alleges that defendant lied when he stated that neither Greg Anderson nor any of Anderson's associates had ever injected anything into defendant "or taken anything out" (statement (2)(a)), and that defendant lied when he stated that Anderson never gave defendant anything that Anderson told defendant had to be taken with a needle or syringe (statement (2)(b)). Statement (2)(a) relates to whether Anderson or his associates *injected* defendant, while statement (2)(b) relates to whether Anderson ever *gave* defendant anything that he told defendant was to be injected. Counts Three and Four suffer from similar pleading problems. *See Holley*, 942 F.2d at 928-30 (finding indictment alleging false statements duplicitous where "[t]he falsity of the statements in count two . . . could be proven only by showing distinct facts and Holley's knowledge of them.").

"[A] defendant indicted pursuant to a duplicitous indictment may be properly prosecuted and

convicted if either (1) the government elects between the charges in the offending count, or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed." *Ramirez-Martinez*, 273 F.3d at 915. The government asserts that it will prove that every statement within each perjury count is false, and suggests that if the evidence at trial demonstrates that the indictment is indeed duplicitous, the Court can cure the duplicity problems then by directing the government to make an election or by giving an appropriate jury instruction on unanimity. However, "[i]n reviewing an indictment for duplicity, our task is not to review the evidence presented at trial to determine whether it would support charging several crimes rather than one, but rather solely to assess whether the indictment itself can be read to charge only one violation in each count." *United States v. Mastelotto*, 717 F.2d 1238, 1244 (9th Cir. 1983).

Moreover, given the number of alleged false statements – ranging from two to eight per count, with many statements in response to compound questions – the Court finds that it would be unnecessarily cumbersome and complicated to wait until the time of trial to remedy the duplicity problems. The government knows what evidence it intends to put on to prove each count, and thus it is in the best position to elect the charges it wishes to pursue in Counts One through Four.[1] Alternatively, the government may seek a superseding indictment that clearly charges separate offenses in each count.

**IT IS SO ORDERED.**

Dated: March 4, 2008

SUSAN ILLSTON
United States District Judge

---

[1] At the hearing, defense counsel stated that he was unsure whether defendant would continue to challenge Count Five as duplicitous if Counts One through Four were properly narrowed. After the government either makes an election or files a superseding indictment, defendant may renew his challenge to Count Five if appropriate. Similarly, the Court finds it unnecessary to reach defendant's contention that various questions and/or answers set forth in the indictment are fundamentally ambiguous, as this contention may be mooted by the government's election or a superseding indictment.

4