1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
3   J. DOUGLAS WILSON (DCBN 412811)
    Deputy Chief, Criminal Division
4   MATTHEW A. PARRELLA (NYBN 2040855)
    JEFFREY D. NEDROW (CABN 161299)
5   Assistant United States Attorneys
6   150 Almaden Boulevard, Suite 900
    San Jose, CA 95113
7   Telephone: (408) 535-5045
    Facsimile:  (408) 535-5066
8   Email: jeff.nedrow@usdoj.gov
9   Attorneys for Plaintiff
10
11                    UNITED STATES DISTRICT COURT
12                  NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO  DIVISION
13
14
    UNITED STATES OF AMERICA,           )   No. CR 07-0732 SI
15                                       )
              Plaintiff,                 )   UNITED STATES'S RESPONSE TO
16                                       )   DEFENDANT'S MOTION TO BAR
         v.                              )   EVIDENCE OF GREG ANDERSON'S
17                                       )   REFUSAL TO TESTIFY AND
    BARRY LAMAR BONDS,                   )   CROSS-MOTION TO PROHIBIT
18                                       )   DEFENDANT FROM IMPROPER
              Defendant.                 )   ARGUMENT REGARDING
19                                       )   ANDERSON'S ABSENCE FROM
                                         )   TRIAL
20                                       )
                                         )   Date:   February 11, 2011
21                                       )   Time:  11 a.m.
    _____     )   Judge:  The Honorable Susan Illston
22
23  I.      INTRODUCTION
24          The defendant has moved to bar the United States from calling the defendant's former
25  trainer, Greg Anderson ("Anderson"), to the stand if he persists in his refusal to testify, and from
26  presenting to the jury evidence of Anderson's history of refusing to testify.
27          If Anderson testifies, the United States reserves the right to introduce evidence of
28

U.S. Reponse to Def. Mot. to Bar Evidence of Anderson's Refusal to Testify, and
Cross-motion to Prohibit Improper Argument Regarding Anderson
CR 07-0732 SI

1   Anderson's prior refusals to testify.  If, however, this Court determines that Anderson will refuse

2   to testify at trial, the United States will not call him before the jury simply to state his refusal.

3   Nor will the United States present evidence of Anderson's history of contempt and argue that the

4   jury can infer the defendant's guilt from this history.

5          The United States also has no intention of asking for a missing witness instruction with

6   regard to Anderson's refusal to testify.

7          The United States hereby moves this Court to prohibit the defendant from improper

8   argument regarding Anderson's absence from the trial.  The United States reserves its right to

9   present evidence of Anderson's contempt history if the defense opens the door to such an

10  argument through references, in argument or questioning, to Anderson's absence from the trial.

11
12  **II.    IF ANDERSON WILL NOT TESTIFY AT TRIAL, THE UNITED STATES WILL
         NOT PRESENT EVIDENCE OF ANDERSON'S REFUSAL TO TESTIFY**

13         Anderson has probative evidence regarding the charges that the defendant lied when he

14  told a federal grand jury that Anderson never gave him any injections, that Anderson never

15  provided him with various steroid substances, and that he never knowingly took steroids.  Unlike

16  witnesses who have a Fifth Amendment right against self-incrimination, Anderson has already

17  pleaded guilty to conspiring to and possessing with the intent to distribute steroids and he has

18  received immunity from prosecution for his requested testimony.  Thus, no "public good

19  transcending the normally predominant principle of using all rational means for ascertaining

20  truth" is served by Anderson withholding his testimony.  *Trammel v. United States*, 445 U.S. 40,

21  50 (1980) (internal quotation and citation omitted).

22         If Anderson testifies, the United States hereby provides notice under Fed. R. Evid. 404(b)

23  that it may admit extrinsic evidence of Anderson's prior refusals to testify as proof of his motive

24  or preparation for testifying, and as impeachment.  *See also United States v. Kincaid-Chauncey*,

25  556 F.3d 923, 932 (9th Cir. 2009) (explaining that impeachment by contradiction is exception to

26  Fed. R. Evid. 608(b)'s collateral fact rule).

27         If, however, this Court determines that Anderson will persist in his refusal to testify, the

28

U.S. Reponse to Def. Mot. to Bar Evidence of Anderson's Refusal to Testify, and
Cross-motion to Prohibit Improper Argument Regarding Anderson
CR 07-0732 SI                                                                    2

1    government will not call Anderson before the jury or present evidence of Anderson's history of

2    contempt in its case-in-chief.  *See United States v. Roberts*, 503 F.2d 598, 600 (9th Cir. 1974)

3    (citing *Bowles v. United States*, 439 F.2d 536, 541-42 (D.C. Cir. 1970))*.

### III.    IF ANDERSON IS AVAILABLE TO TESTIFY FOR THE DEFENDANT, BUT NOT THE UNITED STATES, THE UNITED STATES WILL SEEK A MISSING WITNESS INSTRUCTION

6            In a footnote, the defendant argues that the United States may not obtain a missing

7    witness instruction.  *See* Defendant's Mot. to Bar Evidence of Greg Anderson's Refusal to

8    Testify at 4 n.1.  Such an instruction would provide that, bearing in mind that the defendant has

9    no burden or duty of calling any witnesses, the jury may infer that the testimony of Anderson

10   would be unfavorable to the defendant because the defendant had the peculiar power to produce

11   Anderson at trial, but did not.  *See United States v. Tisor*, 96 F.3d 370, 377 n.3 (9th Cir.1996)

12   (missing witness instruction).

13           At present, the United States does not intend to request a missing witness instruction

14   regarding Anderson's expected failure to testify.  However, if evidence that Anderson is uniquely

15   available to the defendant is discovered, the United States reserves its right to ask for the missing

16   witness instruction.  Moreover, if Anderson testifies for the defendant but refuses to face cross-

17   examination, the United States will seek to strike his testimony.  *See Denham v. Deeds*, 954 F.2d

18   1501, 1504 (9th Cir. 1992) (explaining that when defense witness refused on cross-examination

19   "to answer questions that go to the heart of the direct testimony on a central issue, . . . the truth-

20   seeking function of the court is impaired").

### IV.    THIS COURT SHOULD ORDER THE DEFENDANT TO REFRAIN FROM ARGUING OR IMPLYING THAT THE GOVERNMENT IS RESPONSIBLE FOR ANDERSON'S ABSENCE

23           The government moves that this Court order the defendant to refrain from arguing or

24   suggesting in any way that the jury can infer that because the government did not present

25   Anderson's testimony, the testimony would have been favorable to the defendant.  Such

26   argument would be misleading because the defendant is well aware that the government is unable

27   to procure Anderson's testimony.  Such argument would also improperly ask the jury to make an

U.S. Reponse to Def. Mot. to Bar Evidence of Anderson's Refusal to Testify, and
Cross-motion to Prohibit Improper Argument Regarding Anderson
CR 07-0732 SI                                                                                    3

1   inference based on a fact (Anderson's failure to testify) not in evidence.  The United States

2   reserves its right to present evidence to the jury of Anderson's history of contempt if the defense

3   opens the door to such evidence by implying that the government is responsible for Anderson's

4   absence.

### A.   Implication that the government could have called Anderson to the stand would be false

6   The defendant should not be permitted to argue that the jury can infer from Anderson's

7   failure to testify that his testimony would have assisted the defendant, because the implication

8   that the government could have called Anderson would be untrue.

9   In *United States v. Bramble*, 680 F.2d 590, 592-93 (9th Cir. 1982), the Ninth Circuit

10  upheld the district court's refusal to permit defense counsel to argue that the jury could draw an

11  unfavorable inference against the government from the fact that the informant did not testify.

12  The Ninth Circuit explained that the defense counsel knew that the informant's testimony would

13  either be favorable, unfavorable, or neutral to her client.  *Id.*  If favorable to the defendant, the

14  defense counsel could have called the informant as easily as the government, and "if she did not,

15  his absence should be attributable to her, not to the government," and she should not get "some

16  of the benefit to be obtained from his testimony, without the risk of cross examination."  *Id.*  If

17  the informant's testimony was unfavorable to the defendant, an argument that the jury could draw

18  an unfavorable inference against the government from his failure to testify would be

19  "fraudulent."  *Id.*  If the informant's testimony was of little benefit to either side, "it would be

20  misleading to argue that [the informant's] absence supports an inference favorable to [the

21  defendant's] side."  *Id.*

22  By *Bramble*'s reasoning, it would be entirely inappropriate for the defendant to argue that

23  the government had failed in its proof because it never presented testimony from Anderson.  The

24  government has pursued contempt proceedings against Anderson to procure his testimony.  If

25  Anderson persists in refusing to testify, then he clearly is unavailable to the government.  *See*

26  Fed. R. Evid. 804(a)(2).  Any suggestion that the government could have called Anderson to give

27  testimony but failed to would be "fraudulent."  *Bramble*, 680 F.2d at 592-93.

U.S. Reponse to Def. Mot. to Bar Evidence of Anderson's Refusal to Testify, and
Cross-motion to Prohibit Improper Argument Regarding Anderson
CR 07-0732 SI                                                                                    4

Similarly misleading would be any suggestion, during questioning or argument, that the government is responsible for Anderson's decision to deprive the jury of highly relevant evidence. *See* Defendant's Mot. to Bar Evidence of Greg Anderson's Refusal to Testify at 5. Anderson's reasons for refusing to testify at the grand jury were litigated and found to be factually and legally defective, and Anderson was ordered to testify by both the District Court and the Ninth Circuit. Any implication by the defendant that the government is responsible for Anderson's absence would also be irrelevant to the trial issues, and should be prohibited.

**B.    The defendant should be prohibited from arguing inferences from Anderson's absence from trial, because that fact is not in evidence**

The defendant should not be permitted to argue any inferences from Anderson's failure to testify because this would not be in evidence.

As discussed *supra* p. 2, the United States has no intention of putting Anderson's refusal to testify before the jury if Anderson continues his refusal to testify and does not testify at trial.[1] If Anderson's refusal to testify is not in evidence, it is not the proper subject for argument. *Cf. United States v. Hermanek*, 289 F.3d 1076, 1101 (9th Cir. 2002) (prohibiting prosecutor from doing "more than comment on facts in evidence and mak[ing] reasonable inferences based on the evidence).

**C.    If the defendant makes improper argument, this Court should remedy it by permitting the United States to present evidence of Anderson's refusal to testify, and/or issuing a curative instruction**

This Court should order the defendant to refrain from adverting either directly or obliquely, that is, to a "missing link," or "incomplete story," to Anderson's absence during any questioning and argument. It should also prohibit the defendant from suggesting in any way that the government is responsible for Anderson's absence.

If the defendant opens the door to the issue of Anderson's absence from trial through questioning or argument, the government reserves the right to present evidence of Anderson's

---

[1] The United States may ask that such evidence be admitted if the defendant makes misrepresentations requiring clarification for the jury.

U.S. Reponse to Def. Mot. to Bar Evidence of Anderson's Refusal to Testify, and
Cross-motion to Prohibit Improper Argument Regarding Anderson
CR 07-0732 SI                                                                                              5

1    history of contempt in refutation.  Alternatively, in such a scenario, the government would

2    request the Court to instruct the jury that Anderson is unavailable to the government and that the

3    jury should not make any inferences based on his unavailability.

4

5    DATED: January 28, 2011                    Respectfully submitted,

6                                               MELINDA HAAG
                                                United States Attorney
7
                                               _____/s/_____
8                                               MATTHEW A. PARRELLA
                                                JEFFREY D. NEDROW
9                                               Assistant United States Attorneys

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. Reponse to Def. Mot. to Bar Evidence of Anderson's Refusal to Testify, and
Cross-motion to Prohibit Improper Argument Regarding Anderson
CR 07-0732 SI                                                                              6