IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | No. C 07-00732 SI |
|       Plaintiff, | **ORDER RE: MOTIONS IN LIMINE**<br>**(Docs. 194, 195, 196, 204, 205)** |
|   v. | |
| BARRY LAMAR BONDS, | |
|       Defendant.               / | |

On February 11, 2011, the Court heard argument on defendant's motions in limine and the government's cross motions. Having considered the arguments of counsel and the papers submitted, the Court hereby rules as follows.

**I.    Defendant's motion to dismiss or strike language from count eleven**

The second superseding indictment charged defendant with ten counts of false declarations before a grand jury. Doc. 77. Count Eleven then charged defendant with obstruction of justice by making evasive, false, and misleading statements "including but not limited to" the statements that formed the basis of charges one through ten. On January 7, 2011, defendant moved to dismiss or strike language from the obstruction charge on a variety of grounds. Doc. 194.

In response to one of defendant's arguments—that any evasive, false, or misleading statements that would form the basis of a conviction on the obstruction count needed to be material grand jury testimony and not merely grand jury testimony—the government filed a third superseding indictment. Doc. 213. The third superseding indictment charges defendant with four counts of false declarations before a grand jury and one count of obstruction of justice. *Id.* Count Five of the third superseding

indictment reads as follows:

> On or about December 4, 2003, in the Northern District of California, and elsewhere, the defendant,
>
> BARRY LAMAR BONDS,
>
> did corruptly influence, obstruct, and impede, and endeavor to corruptly influence, obstruct, and impede, the due administration of justice, by knowingly giving material Grand Jury testimony that was intentionally evasive, false, and misleading, including but not limited to the false statements made by the defendant as charged in Counts One through Four of this Indictment. All in violation of Title 18, United States Code, Section 1503.

*Id.* at 12. The government has also agreed to provide the jury with specific examples of "material . . . evasive, false, and misleading" statements not separately charged, and to require the jury to agree unanimously as to which statement or statements constitute obstruction of justice. In its proposed Jury Instruction and proposed Form of Verdict, the government identified twelve specific statements not separately charged in the second superseding indictment. *See* Docs. 182 & 183.

Defendant continues to object to the phrase "including but not limited to," arguing that the obstruction charge should be limited to the statements set out in counts one through four. Defendant argues that the phrase "including but not limited to" does not provide him with fair notice as to what the charge is against him; that it deprives him of his Sixth Amendment right to be convicted only upon a charge returned by a grand jury; and that including in the jury instructions and on the verdict form the twelve additional specific answers that have been identified by the government would render the count "irremediably duplicitous."

Defendant raised similar arguments previously. In his motion to dismiss the second superseding indictment, he argued that the phrase "including but not limited to the false statements" rendered the obstruction charge duplicitous and unconstitutionally vague. The Court disagreed, ruling that the government did not need to provide further notice of the basis for the obstruction charge; and that the charge was not multiplicitous because it requires proof of an element that is not included in the false declaration counts. *See* Doc. 73 at 8 (Order Re: Def. Mot. to Dismiss 2d Superseding Indictment).

Defendant identifies two things that have happened since that ruling that it believes should cause the Court to strike the words "including but not" from the obstruction charge. The first is that the government continues to identify new statements (beyond those separately charged) that might form the basis of the conviction. This, defendant argues, shows that the government's theory keeps changing in

2

the face of adverse rulings, which defendant argues is impermissible under *Russell v. United States*, 369 U.S. 749, 763 (1962). The second is the Ninth Circuit's ruling on an appeal by Tammy A. Thomas from a similarly phrased obstruction conviction. *See United States v. Thomas*, 612 F.3d 1107 (9th Cir. 2010). Defendant argues that the Ninth Circuit hinted that the "including but not" phrase might be impermissible.

The Court is not persuaded by defendant's arguments. The Supreme Court

> has emphasized two of the protections which an indictment is intended to guarantee, reflected by two of the criteria by which the sufficiency of an indictment is to be measured. These criteria are, first, whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, secondly, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

*Russell*, 369 U.S. at 763–64 (internal quotation marks omitted). The indictment in this case contains all of the elements of the offense. Additionally, the indictment limits the obstruction charge to grand jury testimony provided by defendant "[o]n or about December 4, 2003." This sufficiently apprises defendant of what he must be prepared to meet. Additionally, it is sufficiently specific that jeopardy-related complications should not arise.

The function of the indictment, as described in *Russell*, and the function of the specific statements provided by the government in its proposed verdict form and jury instructions, are different. The indictment charges defendant with obstructing justice by means of his December grand jury testimony. The statements are set out to guide the Petit Jury in its deliberations and guarantee that they agree unanimously as to how defendant obstructed justice. The fact that the government may add or subtract statements from its proposed jury instructions and proposed verdict form does not mean that it is violating defendant's constitutional Grand Jury rights.

The Court also disagrees that the holding in *Thomas* changed the legal landscape. The appellant in *Thomas* argued that the government improperly amended her indictment by adding specific statements to the jury instructions and verdict form that did not specifically appear in the indictment. 612 F.3d at 1130. The Ninth Circuit did not reach the question, and it did not hint that the phrase "but not limited to" might be problematic. *Id.*

Defendant also argues that the Petit Jury not only needs to agree unanimously on the specific

3

statement or statements that constituted obstruction, but that it needs to agree with the specific statements relied upon by the Grand Jury that indicted defendant; otherwise, there is an impermissible constructive amendment of the charge. To support this argument, defendant cites a case, *United States v. Shipsey*, 190 F.3d 1081 (9th Cir. 1999), in which the appellant was indicted for theft through "false pretenses" and a judge impermissibly *expanded* the possible grounds for conviction by giving jury instructions that permitted the jury to convict the appellant if he obtained the money in question by any "wrongful act." *Id.* at 1086. Here, in contrast, the Grand Jury indicted defendant for obstructing justice through his Grand Jury testimony generally. Any jury instruction or verdict form that contains specific statements from defendant's Grand Jury testimony will serve to *narrow* the permissible grounds for conviction, not to amend the indictment.

Similarly, a verdict form that contains nearly two dozen possible statements that could serve as a basis for conviction on the obstruction charge does not transform an otherwise permissible single charge into an impermissibly duplicitous charge. Count five contains one charge: obstruction of justice through grand jury testimony. The instructions and verdict form then specify for the jury several ways that it might arrive at the conclusion that defendant did, in fact, obstruct justice through grand jury testimony. The cases that defendant cites to argue that multiple statements cannot be included together in a single count all discuss charges for making a false statement. *See United States v. Graham*, 60 F.3d 463, 467 (8th Cir. 1995); *Bins v. United States*, 331 F.2d 390, 393 (4th Cir. 1964). Making false statements and obstruction of justice are different types of crimes, and the logic of these cases does not transfer. Defendant's motion to dismiss or strike language from the obstruction of justice charge is DENIED.

## II. Greg Anderson's refusal to testify

Defendant has also moved to bar evidence of Greg Anderson's refusal to testify. Doc. 195. In its response, the government moved to prohibit defendant from what the government called improper argument regarding Anderson's absence from the trial. Doc. 204. At the February 11 hearing, the parties stated that they had come to a general agreement about what evidence should not be presented and what arguments should not be made. To the extent that the parties' agreement conforms with the

motion and cross motion, the motion and cross motion regarding Mr. Anderson's refusal to testify are GRANTED.[1] To the extent that there is disagreement, the Court will rule on individual objections during trial.[2]

If Mr. Anderson persists in refusing to testify, the jury undoubtedly will notice that Mr. Anderson is not testifying and wonder why. Therefore, the Court INSTRUCTS the parties to meet and confer regarding what the jury will be told about Mr. Anderson's absence from the trial. The parties shall then jointly file proposed instructions **by February 28, 2011**.

### III.     Defendant's renewed motion to exclude evidence of Hoskins recording

Defendant previously filed a motion to exclude a tape recording of a conversation between Mr. Anderson and Steve Hoskins. The Court ruled on the motion on February 19, 2009. Doc. 137. The Court divided the tape into three parts—A, B, and C. The Court granted defendant's motion to exclude Mr. Anderson's statements contained in Part B, but denied without prejudice the motion to exclude his statements contained in Parts A and C. Defendant now argues that Mr. Anderson's statements in Parts A and C should be excluded as well.[3] The government argues that, if the Court reviews its earlier

---

[1] At the February 11 hearing, the parties agreed that neither side would mention that Mr. Anderson refused to testify, neither side would attempt to call Mr. Anderson to the stand, and neither side would argue that the other side had the ability to call Mr. Anderson to the stand. The agreement is contingent on each party abiding by its terms.

[2] When asked at the hearing whether any issues remained unresolved, the government raised concerns about defendant making what the government calls atmospheric arguments about there being missing parts of the story.

[3] In the February 19 Order, the Court relied on a transcript provided by the government. Defendant now provides the Court with a different transcript, although defendant "does not believe that the disposition of this motion hinges on the differences between the government and defense versions." *See* Def. Renewed Mot. to Exclude Hoskins Recording at 3 & Ex. A.
    The differences between the transcripts mostly have to do with punctuation choices, or indicating where exactly one party interrupted the other. There is one substantive difference worth mentioning here: in part A, the government version says "Is that why Barry's didn't do it in one spot, and you didn't just let him do it one time?" and defendant's version says "Is that why Barry didn't just shoot it in his butt all the time?"

5

decision at all, all of Mr. Anderson's statements should be admitted.[4]

### A.  Statements against penal interest

Where an out of court declarant is unavailable to testify, a statement he made previously is admissible under an exception to the hearsay rule if it is a statement that:

> (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and
>
> (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Fed. R. Evid. 804(b)(3).

In the February 19 Order, the Court stated:

> In the section labeled "A," Anderson appears to discuss techniques to avoid infections when injecting a substance. Based on the section of the conversation labeled C, a trier of fact could conclude that the substance in question is the "same stuff" being used by runner Marion Jones and other athletes at the Olympics. In section C, Anderson says that he created this substance and assures Hoskins that it is undetectable. The question, then, is whether Anderson could reasonably have believed in March of 2003 that his admissions that he created and injected an undetectable substance into defendant might subject him to criminal or civil liability. If the substance in question was illegal, it follows that Anderson could have faced criminal liability for his acts. At oral argument, the parties disputed whether the drugs known as the "cream" and the "clear" were illegal in 2003. If Anderson's statements are to be admissible as statements against penal interest, the government will have to lay foundation at trial that when Anderson discussed the "stuff that worked at the Olympics," he was referring to a substance that was illegal in March of 2003.

Doc. 137 at 16–17.

The parties agree that the substance in question in Part A and the substance in question in Part C were not and could not have been the same substance. The parties agree that in Part C, the discussion was of the "cream" or the "clear," which are not injected. In Part A, Mr. Anderson and Mr. Hoskins are clearly discussing something that is injected.

---

[4] The government argues that this is an improperly filed motion for reconsideration and that the Court should not address it at all. As discussed below, the government also admits that the Court made a mistake in its February 19 Order on defendant's prior motion. And, as discussed below, Federal Rule of Evidence 804(b)(3), the Rule at issue in this motion, was amended nearly two years after the Court's February 19 Order. The Court will consider defendant's renewed motion and will construe the government's response as a cross motion for the admission of Part B.

6

On that basis, defendant challenges the Court's earlier ruling admitting the statements in Part A. Defendant also renews his argument that Mr. Anderson's statements in Part C are inadmissible because the "cream" and the "clear" were not illegal in 2003, or in any event they were not so clearly illegal that it can be assumed that Mr. Anderson's statements were statements against penal interest.[5] The government argues in response that the Court erred when it found Mr. Anderson's statements in Part B not to be against penal interest. In the alternative, the government argues that the statements in Part B should be admitted to give context to the other parts.

The Court's ruling remains essentially the same. The Court agrees that the substances being discussed in Parts A and C are different; therefore, the government will have to lay the proper foundation as to each part separately before Mr. Anderson's statement in that part will be admissible into evidence. If Mr. Anderson's statements in Part A are to be admissible as statements against penal interest, the government will have to lay foundation at trial that when Mr. Anderson said "I move it all over the place," he was referring to injecting a substance that it was illegal for him to inject at the time he was injecting it. If Mr. Anderson's statements in Part C are to be admissible as statements against penal interest, the government will have to lay foundation at trial that when Anderson discussed the "stuff that worked at the Olympics," he was referring to a substance that was illegal in March of 2003.

Neither will the Court reverse its earlier decision regarding Part B. Mr. Anderson's statements in Part B are not statements against interest, as the government has not established that it was a criminal or civil offense in 2003 to help athletes evade detection by professional sports organizations. Nor are his statements in Part B admissible to "provide context," as the government argues, citing *United States v. Paguio*, 114 F.3d 928, 933–34 (9th Cir. 1997). In *Paguio*, the Ninth Circuit did not say that otherwise excludable statements may be admitted to provide context. Rather, the court said that some statements, when viewed in context, can be both inculpatory of the declarant and exculpatory of the defendant; those statements should be admitted. And the court said that sometimes "inculpating and exculpating statements [a]re not practically separable." Here, the Court did not go through the recording and parse

---

[5] Defendant also argues that the statements in Part C are "irrelevant" because defendant admitted using "the clear" and "the cream" in 2003 to the Grand Jury; and he argues that the evidence should be excluded as overly prejudicial. Def.'s Renewed Motion to Exclude Hoskins Recording at 9. The Court disagrees. This evidence is relevant without being overly prejudicial.

7

it line by line. Rather, the Court generally divided the recording into three parts. Although the recording was of a single conversation and contains transition points, the conversation contained three distinct parts that each may be analyzed separately under Rule 804(b)(3). The statements in Part B are not inculpatory and not admissible.

### B.     Corroborating circumstances

Defendant also appears to make an argument based on a December 2010 amendment to Federal Rule of Evidence 804(b)(3). When the Court initially ruled on this motion, the Rule required that statements against penal interest be corroborated by circumstances clearly indicating their trustworthiness only if the statements were offered to *exculpate* the accused. Now, the text requires "corroborating circumstances that clearly indicate its trustworthiness[]" it the statement is offered in a criminal case—even if it is offered to inculpate rather than exculpate. Fed. R. Ev. 804(b)(3).[6]

On the basis of this change of law, defendant makes the following argument. First, defendant cites *Bourjaily v. United States*, 483 U.S. 171, 174–75 (1987), for the proposition that a proponent of hearsay testimony under a hearsay exception must prove certain disputed facts—such as whether the speaker was a co-conspirator—by a preponderance of the evidence. Second, defendant criticizes the Court for its earlier ruling in which it stated that a trier of fact "could conclude" certain things about the conversation, arguing that the Court should have asked whether those things had been proven by a preponderance of evidence. Third, defendant argues that this mistake is important, because these preliminary findings all have to do with the "circumstances" of the hearsay statements, and the Court now must find that each statement against penal interest "is supported by corroborating circumstances that clearly indicate its trustworthiness." *See* Fed. R. Evid. 804(b)(3). If the Court has not found these circumstances by a preponderance of the evidence, then the requirement of trustworthiness has not been met.

---

[6] Some courts had already interpreted Rule 804(b)(3) in this reciprocal manner. *See United States v. Alvarez*, 584 F.2d 694, 701 (5th Cir. 1978). It does not appear that the Ninth Circuit did, however. *See United States v. Nazemian*, 948 F.2d 522, 531 (9th Cir. 1991) (reserving the question of whether corroboration is required where a statement is offered to inculpate a defendant). Nonetheless, in the Court's February 19 Order, the Court considered and rejected defendant's arguments that a locker-room conversation is inherently not trustworthy.

8

In exercising its discretion whether to admit testimony under Rule 804(b)(3), the district court examines certain factors to see if the "circumstances solidly indicat[e] trustworthiness" by going "beyond minimal corroboration." *United States v. Hoyos*, 573 F.2d 1111, 1115 (9th Cir. 1978); *see also United States v. Mackey*, 117 F.3d 24, 29 (1st Cir. 1997) (stating "that the requirement for corroboration is not unrealistically severe but does go 'beyond minimal corroboration' and that the district court has 'a substantial degree of discretion in making this important finding on trustworthiness'"). Some of the factors relevant to trustworthiness include: "(a) the time of the declaration and the party to whom it was made; (b) the existence of corroborating evidence; (c) the extent to which the declaration is really against the declarant's penal interest; and (d) the availability of the declarant as a witness." *Hoyos*, 573 F.2d at 1115.

The circumstances here clearly indicate that the trustworthiness of the out of court statements. The conversation was recorded. The parties generally agree on what the statements were, that they were made as part of a 2003 conversation in the Giants locker room between defendant's personal trainer and defendant's business manager, and that some of them were about defendant.[7] They agree that if Mr. Anderson continues to refuse to testify he will be unavailable. Assuming that the government will be able to lay the proper foundation that Parts A and C were statements made against penal interest, it will have established that Mr. Anderson was discussing steroids and distributing steroids. Mr. Anderson has pleaded guilty to distributing steroids. The government's case in chief contains in significant part evidence intended to corroborate the statements made on the tape.

Defendant essentially concedes that these are the circumstances. He merely restates his argument that the statements are not against penal interest, argues about the precise meaning of the words used, and argues (as discussed above) that the statements in Part C have nothing to do with the statements in Part A. The Court finds that, if the government is able to lay the proper foundation that Mr. Anderson's statements in Parts A and C were against his penal interest, the government will also have laid the proper foundation that the statements are "supported by corroborating circumstances that

---

[7] Defendant previously disputed that the conversation was about him. He no longer appears to do so. In any event, the Court determines that it a preponderance of the evidence supports such a conclusion.

9

1 clearly indicate [their] trustworthiness." Fed. R. Ev. 804(b)(3).

2 Defendant's motion to exclude Mr. Anderson's statements in Parts A and C of the Hoskins
3 recording is DENIED without prejudice to being renewed at trial if the government fails to lay the
4 proper foundation. The Court emphasizes that the proper foundation must be laid outside of the
5 presence of the jury and *before* either party references the conversation in any way in front of the jury.[8]
6 The Court construes the government's response brief as a cross motion for the admission of Part B, and
7 the government's cross motion is DENIED.

## CONCLUSION

10 For the foregoing reasons, defendant's motion to dismiss or strike language from the obstruction
11 of justice charge is DENIED. (Doc. 194.) To the extent that the parties' agreement conforms with the
12 motion and cross motion regarding Mr. Anderson's refusal to testify, the motion and cross motion are
13 GRANTED. To the extent that there is disagreement, the Court will rule on individual objections
14 during trial. (Docs. 195, 204.) Defendant's renewed motion to exclude the Hoskins recording is
15 DENIED without prejudice to being renewed at trial if the government fails to lay the proper foundation.
16 (Doc. 196.) The government's cross motion for the admission of Mr. Anderson's statement in Part B
17 of the Hoskins recording is DENIED. (Doc. 205.)

18 It is further ORDERED that the parties to meet and confer regarding what the jury will be told
19 about Mr. Anderson's absence from the trial. The parties shall jointly file proposed instructions **by**
20 **February 28, 2011**.

22 **IT IS SO ORDERED.**

24 Dated: February 15, 2011

SUSAN ILLSTON
United States District Judge

---

[8] This includes any reference during opening statements.