ALLEN RUBY (SBN 47109)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA 94301
Telephone: 650-470-4500
Facsimile: 650-470-4570

CRISTINA C. ARGUEDAS (SBN 87787)
TED W. CASSMAN (SBN 98932)
ARGUEDAS, CASSMAN & HEADLEY, LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000
Facsimile: (510) 845-3003

DENNIS P. RIORDAN (SBN 69320)
DONALD M. HORGAN (SBN 121547)
RIORDAN & HORGAN
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703

Attorneys for Defendant
BARRY LAMAR BONDS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>BARRY LAMAR BONDS,<br><br>                  Defendant. | Case No. CR 07 0732 SI<br><br>DEFENDANT BONDS' REPLY MEMORANDUM IN SUPPORT OF IN LIMINE MOTION NO. 2: TO ENFORCE THE COURT'S FEBRUARY 19, 2009 ORDER RE: THE SIDE EFFECTS OF STEROIDS<br><br>Date: March 1, 2011<br>Time: 1:30 p.m.<br>Judge: Hon. Susan Illston |

**I. INTRODUCTION**

Blithely ignoring this Court's previous rulings limiting the scope of the government's presentation of evidence from lay and expert witnesses concerning the supposed side effects of steroids, as well as the extensive litigation of in limine motions and the entire thrust of Mr. Bonds' current motion, the government retreats to the proposition that it has complied with its summary disclosure obligations under Rule 16(a)(1)(G), Fed. R. Crim. P. *See* Govt. Opp., #229, at 6-7. But this litigation is long past the point of compliance with summary disclosure rules which, as the government concedes, occurred *before* the filing of in limine motions. Instead, *after* the government made its Rule 16(a)(1)(G) disclosure and *after* the parties submitted numerous memoranda, declarations and exhibits in support of and in opposition to Mr. Bonds' in limine motions, this Court set the ground rules:

- Regarding lay opinion testimony, this Court found that Kimberly Bell was the only lay witness proffered on the issue and ordered the government to submit Ms. Bell's declaration "containing as complete an offer of proof as she is able to make at this time, as well as the foundation for her testimony." February 19, 2009 Order, Dkt.# 137, at 20. The Court then stated that it would use the declaration to "determine whether her proposed testimony is admissible under Fed. R. Evid. 401, 402, 203 and/or 701." *Id.*

- Regarding expert testimony, after considering two sworn declarations from Dr. Larry Bowers setting forth his opinions concerning the side effects of steroids and HGH, the Court required an offer of proof "before Dr. Bowers testifies establishing that there is or will be evidence in the record that the defendant developed some of the symptoms Dr. Bowers will describe." Order, Dkt.# 137, at 19.

Now, in response to Mr. Bonds' attempt to enforce those rulings, the government simply ignores them. First, the government's opposition papers invoke lay witnesses that it has never previously proffered for testimony concerning mental and physical changes in Mr. Bonds that might be associated with steroids or HGH. Govt. Opp., Dkt # 229, at 4-5. As of this writing,

-1-

1  one of these witnesses – Mike Murphy – still has never appeared on a government witness list.
2  Another – Steven Hoskins – has been on the government's witness list for more than two years
3  but was never proffered as a witness who would provide testimony on these issues.  The
4  testimony of two others – Stan Conte and Arthur Ting – has to this point been proffered in only
5  the most cursory and ambiguous terms.  *See* Motion In Limine No. 2, Dkt. #222, at 9.

6        Second, and far more audaciously, the government's opposition papers refer to new, still
7  unspecified blood test results – "Blood Test Results from the San Francisco Giants" – that the
8  government would introduce to show evidence of Mr. Bonds' alleged use of steroids.  Govt.
9  Opp., Dkt.# 229, at 5.  The government claims that these test results "demonstrate that Bonds's
10 liver showed a change in liver values consistent with steroid use."  *Id*.  But no such test results
11 have ever appeared on a government exhibit list.  Nor has the government ever placed any
12 foundational witnesses on its witness lists.  Nor has the government ever proffered any expert
13 testimony interpreting those results along the lines suggested in its papers.  Clearly, the
14 government's strategy is to escape meaningful review of the newly proffered tests and of the
15 corresponding expert opinions that might render them relevant under Rule 702. Fed. R. Crim. P.

16       Third, without any supplemental declaration from Dr. Bowers, the government
17 announces that it expects at trial to elicit new and different opinions from him – opinions that Dr.
18 Bowers has never offered to this Court despite filing two declarations in response to Mr. Bonds'
19 motion to exclude his testimony.  Specifically, Dr. Bowers has never claimed that steroid use
20 may cause sexual impairment or bloating.  Govt. Opp., Dkt.#229, at 6.  The government
21 concedes as much, but argues that Rule 16 requires no more, that its "list of side effects is not
22 exclusive," and that the defense "is aware of the literature and bases for Dr. Bowers' opinions on
23 the matter."  Govt. Opp., Dkt.#229, at 6.  But that argument is both circular and illusory – Dr.
24 Bowers has not given opinions on those matters – and the literature that he cited does not support
25 them.  *See* Declaration of Ronald Swerdloff, Dkt.#132. at ¶ 4.c.

26       Fourth, as to both lay and expert testimony, the government makes it clear that it does not
27 intend for any of its pronouncements on these issues to be binding or final.  Rather, still today,
28 the government asserts that its current proffers as to lay-witness observations are "not all-

inclusive of evidence bearing on the defendant's symptoms of steroid usage. . . ." Govt. Opp. Dkt.#229, at 4.  And, as noted above, the government baldly states that, despite two years of in limine litigation, Dr. Bowers' opinions describing the side effects of steroids are still not "exclusive."  Govt. Opp., Dkt.#229, at 6.

We urge the Court to reject the government's cynical attempt to circumvent the Court's efforts to assess the propriety and admissibility of the parties' evidentiary submissions, to enforce its previous rulings, and to impose reasonable requirements for the presentation of evidence on these issues, thereby facilitating a fair and orderly trial.  The Court should at a minimum:

- Order precluding the government from presenting lay witness testimony describing supposed side effects (i.e. sexual performance and bloating) that does not correspond to expert opinion testimony and is therefore irrelevant.
- Order excluding lay witness testimony concerning such highly personal, subjective and contested matters as the size of Mr. Bonds' testicles and his alleged propensity for anger and violence.
- Order precluding the government from presenting expert opinion testimony from Dr. Bowers or anyone else that has not been presented to the Court in advance of trial and outside the presence of the jury so that the Court, as "gatekeeper," may determine its admissibility under Rule 702.

Finally, we ask the Court to reject the government's contention that it may add new witnesses and exhibits with impunity.  Even in the hunt for a celebrity baseball player, the government's license does not include trial by ambush.

## II. ARGUMENT

### A. Lay Witness Testimony Describing Alleged Side Effects

In our moving papers, we demonstrated that much of the government's proposed lay witness testimony is of little or no relevance, is embarrassingly prejudicial, and is likely to create undue delay and confusion – if not a circus – either because the observations are inherently subjective and subject to dispute or because there is a split of opinion among the experts. The government's papers fail to rebut any of these propositions. We therefore ask the Court to apply Rule 403 to exclude proffered evidence that is of little or no probative value and that, if admitted, would entail undue prejudice, confusion and delay of the trial. *See e.g.*, *United States v. Lawrence*, 189 F.3d 838, 842-43 (9th Cir. 1999) (holding that a trial court prejudicially erred by admitting, in a case closely focused on the defendant's intent, evidence that had limited probative value and the potential to focus the jury's attention on irrelevancies that might affect the jury's assessment of the defendant's credibility).

#### 1. Testicular Atrophy

Given the uncontradicted expert opinions of Ronald Swerdloff, the defense contends that Ms. Bell's testimony should be excluded as lacking foundation and irrelevant under Rule 402. Moreover, contrary to the government's assertions, the defense does not contend that Ms. Bell's testimony should be excluded because it is ridiculous, scurrilous and uncorroborated, because it will be contradicted or because a defense expert will testify that the described effect is unlikely, if not impossible, or because Ms. Bell is readily impeached with her avarice and other motives to embellish or lie. Rather, we contend that in view of all of those considerations, the testimony should be excluded as unduly prejudicial, confusing and time consuming under Rule 403.

#### 2. Sexual Performance

Still, at this late date, the government has failed to present an expert opinion that sexual impairment is a side effect of steroids. Added to that, the proffered testimony would be lurid, ridiculous, uncorroborated, contradicted and subject to a battle of experts. Ms. Bell's proffered

testimony should therefore be excluded under Rules 402 and 403.[1]

### 3. Bloating

Again, even now, the government has failed to present an expert opinion that bloating is a side effect of steroids. At the same time, Ms. Bell's proffered testimony is flatly contradicted by the recently proffered testimony of Stan Conte that Mr. Bonds was "'ripped,' i.e., that he had striking muscle definition and very low body fat." Govt. Opp., Dkt.# 229, at 4. Ms. Bell's proffered testimony should therefore be excluded under Rules 402 and 403.

### 4. Hair Growth on Chest

The government does not address this testimony. Apparently, it will not seek to introduce Ms. Bell's testimony that Mr. Bonds waxed his chest. And for good reason, there is no science to support the contention that steroids might cause that effect in healthy, adult males.

### 5. Anger and Violence

We recently set forth our objections to this testimony at some length and will not repeat them here. *See* Defendant's Response to Government's Motions In Limine, Dkt.#234, at 13-15. As with testicular atrophy and sexual performance, the government still proffers only a single witness, Ms. Bell, to describe this "effect." In addition to all of the reasons to exclude her testimony concerning the size of Mr. Bonds' testes or changes in his sexual performance, the Court should exclude this testimony because it is character evidence, because Ms. Bell, herself, claims that Mr. Bonds had always been angry and threatening and because the government's proffer fails to establish the preliminary fact under Rule 104 – i.e., that the alleged threats and violence were in fact "the result of the accused cause [steroid use] and not some independent factor." *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1320 (9th Cir. 1995); *see also* Defendant's Response to Government's Motions In Limine, Dkt.#234, at 14-15. Finally, this testimony will invite a circus of confusing and contradictory evidence and a dispute by experts whether the "effect" even exists. For all of these reasons, it should be excluded under

---

[1] Stunned, as we are, by the government's assertion that testimony regarding alleged changes in Mr. Bonds' gonads and sexual performance is "no more prejudicial than observations of ... the size of the defendant's head and feet," (Govt. Opp., Dkt.#229, at 7-8), we offer no comment.

Rule 403.

### 6. Male Pattern Baldness

Aside from noting Ms. Bell's proffered testimony on this issue, *see* Govt. Opp., Dkt.#229, at 4, the government does not address this issue. As with anger and hostility, the government's proffer is insufficient to establish any causal relation as required by Rule 104. *Daubert*, 43 F.3d at 1320. Because there is no science to support this supposed "effect," and because there are numerous causes of baldness in adult males, the evidence should be excluded under Rule 403.

### 7. Blood Tests From The San Francisco Giants

Four weeks before trial, three and a half years after indictment, and two years after filing its first witness list, the government cites to unspecified tests and urges that their results "showed a change in liver values consistent with steroid use." Govt. Opp., Dkt.#229, at 5. In all candor, we have no idea what that means. Certainly, we are in no position to address it. More importantly, this Court is in no position to evaluate it. The evidence should be excluded.

### 8. Head Size, Hat Size and Foot Size – Per Witnesses Hoskins, Conte and Murphy

In its opposition papers to Mr. Bonds' in limine motion, the government proffers one new witness and new testimony from four previously listed witnesses. The proffer is untimely and highly prejudicial. Indeed, we suggest that it is designed to be so. We cannot fathom any other reason that the government would announce new witnesses and new testimony four weeks before trial in a case that was filed three and a half years ago. For these reasons, the proffered testimony should be excluded.

## B. Expert Opinion Testimony Regarding The Side Effects of Steroids

Despite the lengthy and comprehensive litigation of the relevant issues, despite two sworn declarations from Dr. Larry Bowers, the government has failed to present an expert opinion that sexual impairment or bloating may be side effects of steroids. The omission is both glaring and extremely telling: There is no scientific evidence to support such effects. The testimony, which has not been proffered, should be excluded.

//

### III. CONCLUSION

In our moving papers, we asked the Court to issue an order precluding the government from seeking "to present evidence concerning changes in Mr. Bonds' physical or mental condition from any source [that had not previously been identified]." Motion In Limine No. 2, Dkt.#222, at 9. In retrospect, this request was prescient. Contrary to the government's assertions, the questions presented are not matters of Rule 16 disclosure. Nor are they evidentiary issues going to the weight of the evidence or the credibility of witnesses that are properly left to the province of the jury. Instead, the issues concern respect for this Court's previous rulings and for its role as "gatekeeper " under Rules 104, 403 and 702, and fair notice to a defendant on the eve of trial.

We ask the Court to enforce its previous rulings and to preclude the government from presenting evidence challenged above.

Dated: February 24, 2011                    Respectfully submitted,

                                                       RUBY & SCHOFIELD

                                                      ARGUEDAS, CASSMAN & HEADLEY, LLP

                                                      RIORDAN & HORGAN

                                                      By  /s/
                                                      Ted W. Cassman
                                                      Counsel for Defendant
                                                      Barry Lamar Bonds