MELINDA HAAG (CASBN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Deputy Chief, Criminal Division

MATTHEW A. PARRELLA (NYSBN 2040855)
JEFFREY D. NEDROW (CASBN 161299)
Assistant United States Attorneys

   150 Almaden Boulevard,
   San Jose, California 95113
   Telephone: (408) 535-5045
   Facsimile: (408) 535-5066
   Email: jeff.nedrow@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. CR 07-0732 SI |
| | ) | |
|      Plaintiff, | ) | |
| | ) | UNITED STATES' WITNESS LIST |
| | ) | |
|   v. | ) | |
| | ) | |
| | ) | Trial:      March 21, 2011 |
| BARRY LAMAR BONDS, | ) | Time:    8:30 a.m. |
| | ) | Court:   Hon. Susan Illston |
|      Defendant. | ) | |
| | ) | |
| ———————————————— | ) | |

     The United States hereby provides notice to the Court and to the defendant of the
witnesses it may call in its case-in-chief at the trial.  The government may not call all of the
witnesses on this list.  The government reserves the right to supplement this list as trial
preparations progress.  The government will notify the defendant of any changes to its witness
list.

U.S. WITNESS LIST
CR 07-0732 SI

1.   <u>Bell, Kimberly</u>:   Ms. Bell, the defendant's former girlfriend, will testify that the defendant told her that he was taking steroids prior to the 2000 Major League Baseball season.  Ms. Bell will further testify to personal observations regarding changes in the defendant's body during the period of time beginning in the year 2000, including bloating, acne on the shoulders and back, hair loss, and testicle shrinkage.  Ms. Bell will further testify to occasions in which she saw the defendant and Greg Anderson together.

2.   <u>Benard, Marvin</u>:   Mr. Benard, a former professional baseball player, will testify that he met Greg Anderson during Benard's tenure with the San Francisco Giants.  He will also testify that he began working with Anderson in approximately 1999 and that Anderson assisted him in having his blood tested.  Mr. Benard will testify about receiving performance enhancing substances from Anderson, about instructions from Anderson about how to administer the substances, about the schedule Anderson gave to him for administering the substances, and about what Mr. Anderson told him about the efficacy of those substances.

3.   <u>Bergland, Wendy</u>:   She will testify that she is a Special Agent with IRS-CID and that she transported the box of folders located by Mike Wilson to Special Agent Jeff Novitzky.

4.   <u>Larry D. Bowers, Ph.D., DABC</u>:   Dr. Bowers will testify that he is employed as the Senior Managing Director, Technical and Information Resources, for the United States Anti Doping Agency (USADA).  Based on his training and experience, Dr. Bowers will also testify that certain items identified in the urine tests of the defendant were anabolic steroids and that it is illegal to distribute and obtain those without a legitimate medical condition requiring a prescription from a physician.  Dr. Bowers will also testify to the side effects of steroid use, including effects on blood values, possible organ damage, and other side effects.

5.   <u>Catlin, Dr. Don</u>:   Dr. Catlin will testify that the UCLA Olympic Lab performed the testing on the urine specimen collected from the defendant by Major League Baseball (MLB).  He will testify to the results of those tests and their meaning, including the use and results of the Carbon Isotope Ratio test. Dr. Catlin will testifiy that the results of the test

were that he found exogenous testosterone, THG, and clomid in the 2003 sample.  He will also testify that THG was never commercially available from any source (other than Patrick Arnold) during the time of the defendant's THG-positive urine specimens.  As such, Dr. Catlin's testimony also includes statements as a percipient witness.

6. <u>Conte, Stan</u>: Mr. Conte will testify that he is a licensed physical therapist and certified athletic trainer.  He began working for the San Francisco Giants in 1992 and became their head athletic trainer in 2000.  He will testify regarding his professional background and qualifications and his job duties with the Giants.  Mr. Conte will also testify about certain interactions he had with the defendant, about statements by the defendant about Greg Anderson and the search warrant conducted on Anderson's residence in September of 2003, and about observations related to the defendant's physical appearance while working for the Giants.  Mr. Conte will testify about his knowledge of the defendant's relationships with third parties, such as Steve Hoskins and Greg Anderson.

7. <u>Estalella, Bobby</u>: Mr. Estalella will testify that he was a professional baseball player and that he met the defendant as a result of being employed by the San Francisco Giants. Mr. Estalella will further testify that the defendant admitted using performance-enhancing drugs, and that they had several discussions regarding that topic.

8. <u>Geter, Ana</u>: Ms. Geter, a now-retired former Special Agent with Internal Revenue Service, Criminal Investigation will testify regarding her transport of the defendant's urine specimen from its seizure at Quest Laboratories pursuant to search warrant to the UCLA Analytical Lab.

9. <u>Giambi, Jason</u>: Mr. Giambi will testify that he is a professional baseball player and that he met Greg Anderson through the defendant.  He will also testify that he began working with Anderson in approximately November 2002 and that Anderson assisted him in having his blood and urine tested through Balco.  Mr. Giambi will testify about receiving performance enhancing substances from Anderson, about instructions from Anderson about how to administer the substances, about the schedule Anderson gave to him for administering the substances, and about what Mr. Anderson told him about the efficacy of those substances.

10. <u>Giambi, Jeremy</u>:      Mr. Giambi will testify that he was a professional baseball player and that his brother, Jason Giambi, introduced him to Greg Anderson shortly after Jason began working with Anderson in approximately November 2002. He will also testify that he provided blood and urine specimens to Anderson to be tested through Balco. Mr. Giambi will also testify about receiving performance enhancing substances from Anderson, about instructions from Anderson about how to administer the substances, about the schedule Anderson gave to him for administering the substances, and about what Mr. Anderson told him about the efficacy of those substances.

11. <u>Hoskins, Kathy</u>:      Ms. Hoskins will testify that she was hired by the defendant as a personal shopper and assistant. She will further testify that she observed interactions between the defendant and Greg Anderson, including Anderson giving the defendant an injection.

12. <u>Hoskins, Steve</u>:      Mr. Hoskins will testify that he was childhood friends with the defendant and that in approximately late 1992 or early 1993, he began working for the defendant as his assistant. Mr. Hoskins will testify regarding the nature and extent of his working relationship with the defendant, which included handling many of the defendant's personal errands and scheduling, as well as managing the defendant's promotional activities related to his baseball career. During their relationship, Mr. Hoskins became aware that the defendant was using steroids with the assistance of his personal trainer, Greg Anderson. In this regard, he will testify how he learned of the defendant's steroid use through, among other things, both the defendant's and Anderson's admissions to Hoskins. Mr. Hoskins will also testify about other aspects of his relationship with the defendant.

13. <u>Joseph, Dr. Jean</u>:      Dr. Joseph will testify regarding CDT's records related to the urine specimen the defendant produced to CDT in 2003 pursuant to MLB's testing protocol.

14. <u>Kennedy, Dale</u>:      Mr. Kennedy will testify to the process of collecting the urine specimen from the defendant in 2003 for testing pursuant to Major League Baseball's drug testing program, as well as statements made by the defendant.

15. <u>Novitzky, Jeff</u>:      Agent Novitzky, currently a Special Agent with the Food

and Drug Administration's Office of Criminal Investigations (FDA-OCI), and formerly a Special Agent with the Internal Revenue Service – Criminal Investigation Division (IRS-CID), will testify regarding the IRS-CID investigation for which the defendant was subpoenaed to the grand jury in 2003, i.e. the criminal investigation into the conduct of Balco Laboratories, Victor Conte, and Greg Anderson, among others.  Agent Novitzky will testify to observations he made during the execution of search warrants at Balco and Anderson's residence in September 2003 and the role that those observations played in the investigative decision to subpoena the defendant to the grand jury.  He will also testify about the manner in which the defendant's false statements in the grand jury influenced the criminal investigation of Conte and Anderson.

16.  <u>Qaqish, Amjad</u>:       Special Agent Qaqish, an agent with Internal Revenue Service-Criminal Investigation, will testify regarding his identification, seizure, and disposition of documents taken from Anderson's residence during the September 3, 2003 search, including calendars and handwritten notes.

17.  <u>Rios, Armando</u>:       Mr. Rios will testify that he was a professional baseball player and that he met Greg Anderson during Rios's tenure with the San Francisco Giants.  He will also testify that he began working with Anderson in 2001 and that Anderson assisted him in having his urine tested after Rios left the Giants for another team in 2002.  Mr. Rios will testify about receiving performance enhancing substances from Anderson, about instructions from Anderson about how to administer the substances, about the schedule Anderson gave to him for administering the substances, and about what Mr. Anderson told him about the efficacy of those substances.

18.  <u>Sample, Dr. Barry</u>:       Dr. Sample will testify regarding the records of Quest Diagnostics as well as to the methodology utilized to test urine specimens and to certain lab test results.

19.  <u>Santiago, Benito</u>:       Mr. Santiago will testify that he was formerly a professional baseball player for several teams, including the San Francisco Giants in 2001, 2002, and 2003.  While playing for the Giants, Mr. Santiago met Greg Anderson and ultimately received performance enhancing substances from Anderson.  Mr. Santiago will also testify about

the process of providing urine samples to Greg Anderson for testing for the presence of steroids. Mr. Santiago will also testify about schedules or calendars Greg Anderson made for him in connection with the performance enhancing substances regimen Anderson designed for Mr. Santiago.

20.    <u>Ting, Dr. Arthur</u>:    Dr. Ting will testify that he was the defendant's orthopedic surgeon and will testify as to his physical observations of the defendant as well as his observations of the defendant's interactions with Greg Anderson.  Dr. Ting will also testify that he drew blood from the defendant for testing, and that he gave the specimens to Greg Anderson to deliver.

21.    <u>Valente, Jim</u>:    Mr. Valente, the former vice-president of Balco Laboratories, will testify to his observations as an employee at Balco responsible for maintaining certain business records, including log sheets reflecting the receipt of urine specimens from athletes, the assignment of codes to those specimens, the referral of those specimens to outside labs, and the receipt of test results for those specimens.  Valente will testify that Greg Anderson provided him with blood and urine specimens for a number of athletes, including the defendant, and Valente would record the names of those athletes on a log sheet and assign each specimen a number in order to keep track of the specimen's testing referral date and results.  Valente will specifically testify that the entries "Barry B" on Balco internal documents reference the urine samples and results he entered for the urine samples Greg Anderson submitted to Balco on behalf of the defendant.

22.    <u>Velarde, Randy</u>:    Mr. Velarde will testify that he was a professional baseball player and that he met Greg Anderson during his tenure with the Oakland Athletics.  Mr. Rios will testify about receiving performance enhancing substances from Anderson, including anabolic steroids.

23.    <u>Wilson, Mike</u>:    He will testify that he is a Special Agent with IRS-CID and that he located a box of folders during the execution of a search warrant at a storage locker belonging to Balco Laboratories.  He will also testify regarding the transport and handling of the defendant's urine specimen from its seizure pursuant to search warrant at Quest Laboratories to

the UCLA Analytical Lab.

24.   <u>Anderson, Greg</u>:      Mr. Anderson has been served with a subpoena that requires him to testify at trial.  Based upon his prior statements to the court, it is anticipated that Mr. Anderson will refuse to comply with the subpoena.

26-37.  <u>Witnesses from UCLA Olympic Lab</u>:      The government may call some or all of the following witnesses regarding the chain of custody maintained by the UCLA Lab in handling and processing the steroids test for the defendant's urine specimen – Brian Bishop, Borislav Starcevic, Dr. Catlin, Yvonne Chambers, Todd McGauley, Stephen Kauffman, Brian Aherns, Javier Ceballos, Holly Daley, Ronald Gonzalez, Anabela Leung, Feresthteh Delshad, and Yu-Chen Chang.

38.   <u>Jan Walton:</u>      Ms.Walton was the grand jury reporter for the session at which the defendant testified.  She will testify that she was the certified court reporter who produced the transcript of the defendant's testimony.

39.   <u>Mike Murphy</u>:      The clubhouse manager for the San Francisco Giants will testify as to the increase in the defendant's hat size.

40-41.  <u>Witnesses from Nike and Fila</u>:      Shoe company representatives will testify regarding shoes worn by the defendant.

42-51.  <u>Doping Control Laboratory, Montreal</u>:      Dependant upon the Court's decision on the pending motion in limine, the government may call witnesses regarding the chain of custody maintained by the Lab in handling and processing the amphetamines test for the defendant's urine specimen.


DATED:  February 24, 2011              Respectfully submitted,

                                       MELINDA HAAG
                                       United States Attorney


                                       _____/s/_____
                                       MATTHEW A. PARRELLA
                                       JEFFREY D. NEDROW
                                       Assistant United States Attorneys