```
 1                  UNITED STATES DISTRICT COURT

 2                NORTHERN DISTRICT OF CALIFORNIA

 3           BEFORE THE HONORABLE SUSAN ILLSTON, JUDGE

 4   ----------------------------)
                                 )
 5   UNITED STATES OF AMERICA,   )
                                 )
 6              Plaintiff,       )
                                 )
 7      v.                       )    No. Cr. 07-0732 (SI)
                                 )
 8   BARRY LAMAR BONDS,          )
                                 )
 9              Defendant.       )    San Francisco, California
                                 )    Friday, February 18, 2011
10   ----------------------------)       (10 pages)

11

12                     TRANSCRIPT OF PROCEEDINGS

     APPEARANCES:
13
     For Plaintiff:         MELINDA L. HAAG, Esq.
14                          United States Attorney
                            450 Golden Gate Avenue
15                          San Francisco, California  94102
                       BY:  MATTHEW PARELLA
16                          JEFF NEDROW
                            Assistant United States Attorneys
17
     For Defendant:         Ruby & Schofield
18                          125 South Market Street
                            Suite 1001
19                          San Jose, California 95113
                       BY:  ALLEN RUBY
20
                            Riordan & Horgan
21                          523 Octavia Street
                            San Francisco, California 94102
22                     BY:  DENNIS P. RIORDAN
                            DONALD HORGAN
23
                            Arguedas, Cassman & Headley, LLP
24                          803 Hearst Avenue
                            Berkeley, California 94710
25                     BY:  TED W. CASSMAN
```

```
 1   Friday, February 18, 2011
 2                                                          (11:20 a.m.)
 3           (In open court; defendant not present)
 4           DEPUTY CLERK:  Calling criminal 07-732, United States
 5   versus Bonds.
 6           MR. PARELLA:  Matt Parella and Jeff Nedrow for the
 7   government.
 8           MR. NEDROW:  Good morning, your Honor.
 9           MR. RUBY:  Allen Ruby for Mr. Bonds, who's been
10   excused.
11           MR. CASSMAN:  Ted Cassman on behalf of Mr. Bonds.
12           THE COURT:  Good morning.
13           MR. RIORDAN:  Dennis Riordan and Donald Horgan for
14   Mr. Bonds as well.
15           THE COURT:  Good morning.  That's it?
16           (General laughter)
17           THE COURT:  Okay.  Doesn't feel balanced somehow.
18           This is our status conference.  I have received the
19   materials that were recently filed by the litigants in this
20   case, as to which I would suggest that in the event -- I'm
21   going to strike anything from the record at this point, but I
22   take the point made by defense counsel that you're talking
23   about exhibits that aren't listed, that aren't specifically
24   identified; and individuals who are neither listed nor
25   identified.  So if you really want those issues to be resolved
```

1  by way of motion in limine, you need to amend your exhibit list
2  and amend your witness list and tell me with an in the world is
3  going on. So he's exactly right about that, but I'm not going
4  to strike anything.
5         That's Number one.
6         Number two -- and I'll get to things you want to raise
7  in a minute, but let me say the things I'm thinking of while I
8  remember them (to Mr. Ruby).
9         We have received from various media companies a letter
10 dated February 10th, and I see that it was cc'd to all counsel
11 so I assume that you have a copy of all that. And they have
12 requested, among other things, that the questionnaires executed
13 by the jurors be provided to everyone. And the last go-round,
14 a couple of years ago, we had -- I had planned, and the
15 questionnaire had said, that it would be kept private. There
16 are intervening cases between then and now that have altered
17 the landscape a little by the on voir dire. And before I
18 address the issues raised in the letter that I got from Davis,
19 Wright, Tremaine, I'd like to hear your views on that.
20        So, I'm asking that you submit me something in writing
21 about what you think.
22        MR. PARELLA: Just to be clear, they're asking for the
23 completed questionnaires with names on them. Not -- I think we
24 had actually addressed releasing the shorter one -- a blank
25 questionnaire so they could see --

1          THE COURT: Thank you very much, but they'd like to
2   see the full questionnaire, and there is a relatively recent
3   Supreme Court case about the voir dire process and the fact
4   that it's a public proceeding that may impact this. So I think
5   we need to think about -- well, I would like your guidance on
6   what you think about the issues that are raised in their
7   letter.
8          And on a slightly different point, but related, I've
9   again been talking to the jury commissioner about the panel of
10  prospective jurors that we will talk with, and we had
11  tentatively agreed that we would have 90 -- he would sent me 90
12  time-qualified jurors to start with, and we'd see if we
13  couldn't get a jury from that. And I'm pretty confident we
14  can. That would -- that's a lot of people, and it would kind
15  of fill up the courtroom. So then I'd been thinking, well,
16  what will we do about the public in the courtroom -- that would
17  include the press and also the public -- during the voir dire
18  process? And in my mind I'd been thinking, well, we're going
19  to have overflow rooms that are going to be -- that will have
20  video and audio feeds in them, and that that would address the
21  public access to the voir dire process. I'm not sure if that's
22  right, so I'd like your thoughts on that as well.
23         So anyway, that's Number two on my list.
24         So I don't know when you can do that. Could you get
25  me that in a week or two?

```
 1              MR. RUBY:  Yes.
 2              MR. PARELLA:  Certainly.
 3              THE COURT:  Shall it be a week or two?
 4              MR. RUBY:  Whatever is more useful.
 5              THE COURT:  Well, do it in a week.  Because we may
 6    still need to have hearings.  I'm not sure.
 7              MR. RUBY:  Okay.
 8              THE COURT:  The third thing on my list was to say that
 9    I've noticed how hard you're all working on this case:  Huge
10    resources are being devoted to it and I appreciate that.  Long
11    lists of witnesses, and evidence.  So I was wondering if it
12    might be useful for you to devote some part of those efforts to
13    resolution of this, short of trial.  All kinds of ways good can
14    come of this case, maybe short of trial, and I'm wondering if
15    you would be at all interested in talking to somebody about
16    that.
17              MR. RUBY:  I think that the government understands our
18    views on these things.  I'm not going to say what they are, but
19    they know.  And so I will defer to the government.  If they
20    think that it would be useful, in light of the information that
21    has passed between us, of course, we'd be glad to do it.
22    Anytime, anyplace.  But I'll defer to them.
23              MR. PARELLA:  Are you suggesting a settlement
24    conference with another judge, is that --
25              THE COURT:  Yes.
```

1             MR. PARELLA:  Not to -- to further what defense
2    counsel just said, they're also aware of our thoughts, and the
3    reason we're all aware of this is because we have spoken over
4    the timeframe of this case.  But maybe we could, for the
5    immediate, table that particular issue and counsel and the
6    government can discuss it in the near future.
7             THE COURT:  That would be fine, but I would be happy
8    to arrange for, you know, a referee, if either of you really
9    want to do that.  I don't want to make you do things that
10   are -- that you view to be completely useless, but in every
11   case, it's always worth taking a fresh look at the possibility.
12   So if anybody wants me to, I will line that up for you.
13            MR. RUBY:  Thank you.
14            MR. PARELLA:  Thank you.
15            MR. NEDROW:  Thank you.
16            THE COURT:  That's my list.  Do you have other
17   matters?
18            MR. RUBY:  Could we go back to the first item, please,
19   your Honor?  I understand nothing is stricken, but there are
20   these three motions about pictures and statistics and the 2006
21   test, which if nothing happens, I guess we show up on calendar
22   on March the 1st, and we don't have --
23            THE COURT:  If they're not on the list, and if they
24   haven't been produced to you, and we don't have witnesses who
25   will talk about them, then your motion will be granted.

1           MR. RUBY:  Okay.
2           THE COURT:  So all I'm saying is if they want to
3    proceed with those things, I mean, their motion will be
4    denied -- or however that's going to work.  But, you know, you
5    can't come to me and say, Please, we'd like a ruling that we
6    can use this evidence which we'll show you later.  You know, it
7    doesn't work that way.
8           MR. NEDROW:  Okay.
9           THE COURT:  And certainly that's unfair to the
10   defendant.  So if these are things that you want to use at
11   trial, put them on the table.
12          MR. NEDROW:  Yes.
13          MR. RUBY:  Your Honor, and further on that, the
14   government's submission yesterday said that they plan on
15   February 24th to file what they styled as a, quote-unquote,
16   "revised witness list and exhibit list".  I don't want to buy
17   trouble -- I don't know what they're going to say -- but
18   from -- what I'd ask the Court is:  Let's assume -- again, no
19   reason to expect this to happen -- but let's suppose there's
20   something on these, quote-unquote, revised lists that we think
21   is a foul ball.
22          THE COURT:  Is a what?
23          MR. RUBY:  Is a foul ball.
24          THE COURT:  Oh, Mr. Ruby, please.
25          (General laughter)

1     MR. RUBY: I know. All right, all right. By what
2  date should we -- and in what manner would the Court like us to
3  file a paper or in some way respond to what we think ought to
4  be addressed by the Court? A lot of things are happening in a
5  short period of time. So when should we do it?
6     THE COURT: Well, I mean, the short answer is: We,
7  right now, have a March 1st hearing. And if it's filed in time
8  to be considered there, we'll do it. If you want to set
9  something prior to that time, you can always file and ask that
10 that happen.
11    I was going to say: I had expected to be in trial on
12 March 1st, and that's why we set it for late in the day on
13 March 1st. Turns out, I won't be in trial on March 1st. So if
14 you want, we could have it earlier in the day that day. Or if
15 you would rather, we could have it the following Tuesday.
16 It's -- we normally do these things two weeks in advance. This
17 was set three weeks in advance. I don't know if that was your
18 request. If it was, we can keep it. But if you'd prefer that
19 it be a week later, we could do that. I'm just mentioning that
20 both of those days are open to me, and it could be heard
21 earlier if you would like.
22    MR. RUBY: We would really like it if we could start
23 at 1:30 on March the 1st. That was the last thing on my list.
24 That would be great if we could.
25    MR. PARELLA: The only issue with that is we've

1    already arranged to have Greg Anderson here at 3:30.  So --
2    he's appearing voluntarily; I've communicated with
3    Mr. Garregos.  We have no objection to 1:30.
4            THE COURT:  Let's do it at 1:30.  If he doesn't get
5    here till 3:30, I'll still be here.
6            MR. PARELLA:  I'll try arrange for him to be here at
7    1:30.
8            THE COURT:  Sure.
9            MR. RUBY:  And your Honor, if -- we'll get the witness
10   list, the new witness list on the 24th, which is Thursday.  We
11   would -- if there is any problem, we would make every effort to
12   have something on file before the 1:30 hearing on the first.
13           THE COURT:  Okay.
14           MR. RUBY:  Good.
15           THE COURT:  But as I say, if you want to slip that a
16   week, if it's okay.  But then we'll just have time between the
17   1st and later, I suppose, to resolve things if we need to.
18           MR. RUBY:  Thank you.
19           MR. NEDROW:  Your Honor, the other matter was simply
20   to remind everybody we discussed that Mr. Bonds needs to be
21   arraigned on the last indictment on the 1st.  And I think we
22   talked about the early afternoon for that.  I guess I thought
23   we'd do it with the 9:30 duty calendar that morning, the
24   magistrate calendar, that morning.
25           MR. RUBY:  That would be fine.

1        THE COURT:  If you wanted to start with me at 2:00,
2   and do it with him at 1:30...
3        MR. RUBY:  If there's a 1:30 magistrate's calendar,
4   thank you, that would be great.
5        MR. PARELLA:  They're telling us it's not.
6        UNIDENTIFIED MAN:  Not unless it's specially set.
7        MR. NEDROW:  Great.  Thank you very much, your Honor.
8        (Adjourned)
9                              oOo

CERTIFICATE OF REPORTER

        I, Connie Kuhl, Official Reporter for the United
States Court, Northern District of California, hereby certify
that the foregoing proceedings were reported by me, a certified
shorthand reporter, and were thereafter transcribed under my
direction into written form.

        _____

            Connie Kuhl, RMR, CRR
          Friday, February 25, 2011