ALLEN RUBY (SBN 47109)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA 94301
Telephone:650-470-4500
Facsimile: 650-470-4570

CRISTINA C. ARGUEDAS (SBN 87787)
TED W. CASSMAN (SBN 98932)
ARGUEDAS, CASSMAN & HEADLEY, LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000
Facsimile: (510) 845-3003

DENNIS P. RIORDAN (SBN 69320)
DONALD M. HORGAN (SBN 121547)
RIORDAN & HORGAN
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703

Attorneys for Defendant
BARRY LAMAR BONDS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07-CR-0732 SI |
| Plaintiff, | DEFENDANT'S SUPPLEMENTAL PROPOSED SPECIAL JURY ADMONITION REGARDING THE INTERNET |
| vs. | |
| BARRY LAMAR BONDS, | |
| Defendant. | |

## I.  Introduction

Defendant Barry Bonds proposes that the Court read the following admonition to jurors during its very initial encounter with them.  In a high profile case such as this, we believe that in this era of ready access to the internet and social networks it is of paramount importance to impress upon jurors in clear, direct and plain English the requirement that they comply with the Court's prohibitions against independent research and/or disclosure from the very outset.  We urge that this admonition, or some variance of it, should be re–read to jurors throughout the proceedings.  We have met and conferred with the government regarding this instruction.  Its attorneys are aware that we are submitting it to the Court.  Their position is not clear.

## II.  Proposed Instruction

From this moment until the end of the trial or you are dismissed as a juror, you must not discuss this case during the trial with anyone, including any of the attorneys, parties, witnesses, your friends, or members of your family.  This includes, but is not limited to, discussing your experience as a juror on this case, discussing the evidence, the lawyers, the parties, the court, your deliberations, your reactions to testimony exhibits or any aspect of the case or your courtroom experience.  In addition to not conversing face to face with anyone about the case, you must not communicate with anyone about the case by any other means, direct or indirect, such as: a writing, the telephone, e-mail, Facebook, MySpace, Twitter, instant messaging, Blackberry messaging, I-Phones, I-Touches, Google, Yahoo, any internet search engine or any other form of electronic communication for any purpose whatsoever.

You are also ordered not to do any internet research concerning the subject of Barry Bonds, any of the witnesses or lawyers in this trial, or the subject of this trial.  Similarly, you are ordered not to read or watch any television or otherwise receive media coverage of this trial.  It is especially important that you obey this order because both sides are entitled to a trial in which the jury is influenced only by facts that are properly presented to the jurors in court, according to the rules of evidence.  If a juror receives information about the trial or the subject matter of the trial from the media or any other source, it could cause a mistrial – meaning that all of the jurors would have to be dismissed and the whole process would start over from scratch.  That would be

a tremendous burden on the court, the parties and the principles of fairness under which jury trials are conducted.

I will give you some form of these instructions frequently during these proceedings.  I do that not to be unduly repetitive or because I don't think you are paying attention, but because, in my experience, obeying these instructions is the  hardest thing for jurors to do.  I know of no other situation in our culture where we ask strangers to sit together watching and listening to something, read or hear nothing else about the subject, then go into a little room together and not talk about the one thing they have in common that they have just experienced together.  There are several reasons for these rules.

The first is to help you keep an open mind.  When you talk about things, you start to make decisions about them and it is extremely important that you not make any decisions about this case until you have heard all the evidence and all the rules for making your decisions, and you won't have that until the very end of the trial.  The second reason is that by having conversations in groups of two or three during the trial, you won't remember to repeat all of your thoughts and observations for the rest of your fellow jurors when you deliberate at the end of the trial.  The third and most important reason is that by discussing the case outside of the jury room you increase the likelihood that you will be influenced by an outside third party and or you may reveal private information that could impact the outcome of the case.  If any person tries to talk to you about this case, tell that person that you cannot discuss the case because you are a juror.  If that person persists, simply walk away and report the incident to my staff.  The fourth reason is the evidence you will hear in the courtroom has been presented to you after going through a vetting process using principles of fairness contained in the federal rules of evidence. Information from other sources has not gone through that process.  If you were to receive information from outside the courtroom, it would likely cause a mistrial.  That would be a tremendous waste and burden to both parties as well as the court.

These instructions must be followed by every juror and prospective juror in order to ensure a fair trial.  If as a juror in this matter you were to violate and of these rules, you could be found in contempt of court, which is punishable by jail and/or a monetary fine.

1  AUTHORITY:

2  We have modified a proposed jury instruction written by Thaddeus Hoffmeister, Associate

3  Professor

4  www.juries.typepad.com

5

6              Respectfully submitted,

7  Dated:          March 2, 2011,  Berkeley, CA

8

9                              ARGUEDAS, CASSMAN & HEADLEY

10                             By:___/s/_____
                                Cristina C. Arguedas (SB 87787)
                                803 Hearst Avenue
11                             Berkeley, CA 94710
                                (510) 845-3000

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28