1   ALLEN RUBY (SBN 47109)
    SKADDEN, ARPS, MEAGHER & FLOM, LLP
2   525 University Avenue, Ste. 1100
    Palo Alto, CA 94301
3   Telephone: (650) 470-4500
    Facsimile: (650) 470-4570
4
    CRISTINA C. ARGUEDAS (SBN 87787)
5   TED W. CASSMAN (SBN 98932)
    ARGUEDAS, CASSMAN & HEADLEY, LLP
6   803 Hearst Avenue
    Berkeley, CA 94710
7   Telephone: (510) 845-3000
    Facsimile: (510) 845-3003
8
    DENNIS P. RIORDAN (SBN 69320)
9   DONALD M. HORGAN (SBN 121547)
    RIORDAN & HORGAN
10  523 Octavia Street
    San Francisco, CA 94102
11  Telephone: (415) 431-3472
    Facsimile: (415) 552-2703
12
    Attorneys for Defendant
13  BARRY LAMAR BONDS

14              UNITED STATES DISTRICT COURT

15          NORTHERN DISTRICT OF CALIFORNIA

16              SAN FRANCISCO DIVISION

17

18  UNITED STATES OF AMERICA,        ) Case No. CR 07 0732 SI
                                     )
19                                   ) **DEFENDANT'S SUPPLEMENTAL**
                    Plaintiff,       ) **STATEMENT RE: CONFIDENTIALITY**
20                                   ) **OF JUROR QUESTIONNAIRES**
         vs.                         )
21                                   )
    BARRY LAMAR BONDS,               )
22                                   )
                    Defendant.       )
23  _____)

24          Having considered the recent submission of the government, defendant Bonds hereby

25  supplements his previous statement (Dkt. 250, filed February 25, 2011) concerning the press

26  organizations' request for disclosure of completed juror questionnaires in this matter.

27                          / /

28                          / /

                            1

In *Press-Enterprise Co. v. Superior Court of California, Riverside County*, 464 U.S. 501 (1984), the Supreme Court held that under the First Amendment, a "presumption of openness" attaches to jury voir dire. As the government's Recommendation Regarding Public Access to Voir Dire and Trial (Dkt. 251) correctly observes (at 3), the Supreme Court has not decided, and there is no federal consensus, on whether that presumption extends to juror names or juror questionnaires.  State court precedent addressing these issues, of course, is not binding on this Court.

Defendant nevertheless recognizes that juror names and/or questionnaire responses are at least arguably a component of voir dire and therefore subject to this presumption.  Accordingly, defendant concurs with the government's request that the Court make explicit and specific findings in support of any limitations it may impose on public access to such information in accordance with the criteria set forth in *Waller v. Georgia*, as 467 U.S. 39, 48 (1984), as discussed in *United States v. King,* 140 F.3d 76, 80-81 (2d Cir. 1998).

Defendant maintains his request that the Court defer disclosure of the names of jurors and alternates until after the jury has been discharged. Defendant also requests that, at a minimum, all identifying information for jurors and alternates (e.g., names, addresses, place of birth, name of employer, names of relatives, etc.) be redacted from any juror questionnaires should any portion thereof be made public prior to the jury's discharge, with such redaction to remain in effect until the time of the discharge.

The primary basis for defendant's request, of course, is his right to a fair trial.  See *Press Enterprise*, 464 U.S. at 508 ("[n]o right ranks higher than the right of the accused to a fair trial."); *Gannett Co. v. DePasquale*, 443 U.S. 368, 380 (1979) ("Our cases have uniformly recognized the public-trial guarantee as one created for the benefit of the defendant.")  As borne out by the materials filed in support of the government's recommendation, the release of identifying juror information before the case has concluded, whether jurors consent to it or not, presents a substantial and, indeed, extraordinary risk of juror contamination that would significantly threaten this fundamental right. Such release would likewise undermine defendant's

interest in securing full and candid responses to the questionnaires and during the oral voir dire, and would threaten jurors' interest in their own privacy.  The analyses employed in *King*, *supra*, and *United States v. Blagojevich* (N.D. Ill. No. 08 CR 888-1,6, attached as Exhibit B to government's recommendation) are particularly useful for purposes of identifying these risks in this matter and in responding to them with appropriate limitations on disclosure prior to the jury's discharge.

Finally, defendant also concurs with the government's recommendation concerning the treatment of jurors who wish to disclose private or sensitive information sought in the questionnaire or during oral voir dire, as set forth in the government's brief (at 11-12).  Such treatment will again advance not only defendant's interest in eliciting truthful information from prospective jurors and with it, his underlying right to a fair trial, but also the affected jurors' interest in their own privacy.

Dated: March 4, 2011

Respectfully submitted,

ALLEN RUBY (SKADDEN, ARPS, ET AL.)

ARGUEDAS, CASSMAN & HEADLEY, LLP

RIORDAN & HORGAN


By ___/s/ Dennis P. Riordan_____
             Dennis P. Riordan

By ___/s/  Donald M. Horgan_____
             Donald M. Horgan

Counsel for Defendant
Barry Lamar Bonds