MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Deputy Chief, Criminal Division

MATTHEW A. PARRELLA  (NYBN 2040855)
JEFFREY D. NEDROW (CABN 161299)
MERRY JEAN CHAN (CABN 229254)
Assistant United States Attorneys

150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone: (408) 535-5045
Facsimile:  (408) 535-5066
Email: jeff.nedrow@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-0732 SI |
| ) | |
| v. ) | **UNITED STATES'S RESPONSE TO DEFENDANT'S PROPOSED JURY ADMONITION REGARDING THE INTERNET (Docket #268)** |
| ) | |
| BARRY BONDS, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | The Hon. Susan Ilston |

## INTRODUCTION

The defendant has submitted an instruction regarding the Internet that it proposes the Court should read to prospective jurors on March 17, 2011.  The United States agrees, in principle, to an instruction, but recommends that the Court give a modified version of Ninth Circuit Model Jury Instruction 1.8 (Conduct of the Jury), rather than the version offered by the defendant, some of which the United States finds objectionable.

## ARGUMENT

The United States takes exception to a number of aspects of the defendant's proposed jury instruction.

1)      Page 2, line 11.  The proposed instruction instructs prospective jurors that they must refrain from communicating about or researching the case "[f]rom this moment until the end of the trial or you are dismissed as a juror."  Absent a specific Court finding that broader restraints are necessary, the United States believes that prospective jurors should only be prohibited from such communication or research until they have been dismissed as a juror.

2)      Page 3, lines 5-8.  The proposed instruction states that "in my experience, obeying these instructions is the hardest thing for jurors to do" and that there is "no other situation in our culture where we ask strangers to sit together . . . and not talk about the one thing they have in common that they have just experienced together."  This language essentially gives prospective jurors an excuse for not following the Court's instructions by emphasizing that it is nearly impossible to do.  Overemphazing the difficulties of following the Court's instructions risks causing jurors to experience the Court's instructions as more difficult to follow than they really should be.

3)      Page 3, line 22.  The proposed instruction suggests that because evidence presented in the courtroom has been vetted through a process "using principles of fairness contained in the federal rules of evidence," this evidence is somehow superior and particularly trustworthy.  This suggestion is superfluous and misleading.  The evidence the jurors hear is vetted through the rules of evidence, but it is for the jury to decide whether any particular piece of evidence is fair or trustworthy.

The Ninth Circuit Model Jury Instruction 1.8 covers the same substance that the defendant's proposed jury instruction does.  Its Comment states that the instruction has "been updated specifically to instruct jurors against accessing electronic sources of information and communicating electronically about the case, as well as to inform jurors of the potential consequences if a juror violates this instruction."

The United States does not oppose augmenting Model Jury Instruction 1.8 by listing "Facebook, MySpace, Twitter, instant messaging, Blackberry messaging, I-Phones, I-Touches, Google, Yahoo," as specific examples of social networking sites and media that prospective jurors must refrain from using.  Nor does the United States oppose augmenting the Model

1    Instruction by noting that failure to abide by the Court's instruction could constitute contempt of
2    court, punishable by jail and/or a monetary fine.
3           The United States proposes that the Court instruct the prospective jurors using an adapted
4    version of Model Jury Instruction 1.8, as follows:
5           You are here as potential jurors in this case.  If selected to serve on this jury, you will
6    have two duties.  First, you must keep an open mind throughout the trial, and not decide what the
7    verdict should be until you and your fellow jurors have completed your deliberations at the end
8    of the case.  Second, you must decide this case based only on the evidence received in the case
9    and on my instructions as to the law that applies.  To that end, you must not be exposed to any
10   other information about the case or to the issues it involves during the course of your jury duty.
11   Your conduct prior to being either selected to the jury or dismissed from service may impact your
12   ability to perform these duties, just as your conduct after being selected to the jury may.
13          I am therefore ordering you not to communicate with anyone in any way and not to let
14   anyone else communicate with you in any way about the merits of the case or anything to do with
15   it.  This includes discussing the case in person, in writing, photographically, by phone or
16   electronic means, via email, text messagining, instant meessaging, or any Internet chat room,
17   blog,website or other feature.  This includes Facebook, MySpace, Twitter, Blackberry messaging,
18   I-Phones, I-Touches, Google, Yahoo.  This applies to communicating with your fellow
19   prospective jurors until you have either been dismissed from service, or if selected to serve on the
20   jury, until I give you the case for deliberation.  It applies to communicating with everyone else
21   including your family members, your employer, the media or press, and the people involved in
22   the trial.  But, if you are asked or approached in any way about your jury service or anything
23   about this case, you must respond that you have been ordered not to discuss the matter and to
24   report the contact to the court.
25          Because you will receive all the evidence and legal instruction you properly may consider
26   to return a verdict: do not read, watch, or listen to any news or media accounts or commentary
27   about the case or anything to do with it.  This includes anything on the Internet, whether a news
28   website or newsfeed through some site such as Yahoo or Twitter.  Do not do any research, such

as consulting dictionaries, searching the Internet or using other reference materials. Do not ake any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. If you are exposed to any outside information prior to the time you are dismissed from service in this case, please notify the court immediately.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. In addition, I could find your failure to abide by these instructions to be contempt of court, punishable by jail and/or a monetary fine.

## CONCLUSION

The United States respectfully suggests that this Court use the modified version of Ninth Circuit Model Jury Instruction 1.8, set forth above, to instruct the pool of prospective jurors on March 17, 2011.

DATED: March 4, 2011

Respectfully submitted,

MELINDA HAAG
United States Attorney

    /s/
MATTHEW A. PARRELLA
JEFFREY D. NEDROW
MERRY JEAN CHAN
Assistant United States Attorneys