MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Deputy Chief, Criminal Division

MATTHEW A. PARRELLA (NYBN 2040855)
JEFFREY D. NEDROW (CABN 161299)
MERRY JEAN CHAN (CABN 229254)
Assistant United States Attorneys

150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone: (408) 535-5045
Facsimile:  (408) 535-5066
Email: jeff.nedrow@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BARRY BONDS, <br><br> Defendant. <br><br> In re Trial Subpoena of <br><br> GREG FRANCIS ANDERSON. | No. CR 07-0732-SI <br><br> **UNITED STATES'S OPPOSITION TO WITNESS GREG ANDERSON'S MOTION FOR RELEASE FROM CUSTODY PRIOR TO AGREEING TO TESTIFY AT TRIAL OR THE CLOSE OF TRIAL** <br><br> Date: March 22, 2011 <br> Judge: Honorable Susan Illston |

## INTRODUCTION

The United States opposes witness Greg Anderson's motion for release from custody prior to the time he agrees to testify at trial, or prior to the end of trial. This Court, affirmed by the Ninth Circuit Court of Appeals, has already rejected Anderson's argument that his plea agreement permits him to refuse to testify as a witness in this case. This Court's inherent powers permit it to hold Anderson in custody until he agrees to testify, or until this trial concludes.

## ARGUMENT

**I.   This Court should reject Anderson's argument about his plea agreement under the law of the case doctrine**

In its September 28, 2006 order, the Ninth Circuit rejected Anderson's argument that his plea agreement provides him with a legal basis not to testify. *See* Exh. A at 4. Under the law of the case doctrine, courts do not reopen what has been decided unless there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice. *Jeffries v. Wood*s, 75 F.3d 491, 493-94 (9th Cir. 1996). None of these exceptions exist in this case.

Nor does the upublished case that Anderson provides this Court, *United States v. Singleton*, 1995 U.S. App. LEXIS 3302 (9th Cir. 1995) (unpublished), provide this Court with an exception to the law of the case doctrine. Indeed, *Singleton*, is not on point. In *Singleton*, the district court made a factual finding Singleton reasonably believed that he was pleading guilty to a fifteen-year sentence partly in exchange for the ability to avoid any cooperation with the government. *Id.* at *6. This finding was based on the specific facts of Singleton's plea negotiations, including the government's representation that it would not agree to a sentence under fifteen years unless Singleton agreed to cooperate, and the fact that Singleton's plea agreement was for a fifteen-year sentence. *Id.* at *10. The Ninth Circuit found that the district court's factual findings had not been clearly erroneous.

This Court has never made an analogous finding with respect to Anderson's plea agreement with the United States, but previously rejected the argument, which resulted in Anderson's appeal to the Ninth Circuit Court of Appeals. Indeed, in paragraph 11 of Anderson's plea agreement, filed on July 15, 2005, Anderson specifically promises not to "intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government," which suggests that there was an expectation by the government that Anderson would provide truthful information to the government. *See* Exh. B at 6.

//

//

**B.     This Court may, and should, continue to confine Anderson for the purpose of compelling his testimony, however strongly he insists that he will not be compelled**

Anderson also argues that because he has been recalcitrant about providing testimony in this case – testimony that is central to the case – he should not be placed in custody, as it will have no effect on him and therefore cannot be coercive. This argument lacks merit.

The difference between civil and criminal contempt "lies in the *intended* effect of the punishment imposed." *United States v. Armstrong*, 781 F.2d 700, 703 (9th Cir. 1986) (emphasis added). Fines or imprisonment are appropriate sanctions for a witness who has been found in civil contempt of a court's order that he testify where the sentence is "conditional," and will be lifted as soon as the witness complies with the court's order or when the ability of the contemnor to comply with the court's order disappears (*e.g.*, at the close of evidence). *Shillitani v. United States*, 384 U.S. 364, 365, 371 (1966). "While any imprisonment, of course, has punitive and deterrent effects, it *must be viewed* as remedial if the court conditions release upon the contemnor's willingness to testify." *Id.* at 370 (emphasis added). This is because "it is essential that courts be able to compel the appearance and testimony of witnesses." *Id.* As this Court has noted, Anderson's unwillingness to testify has caused much "dislocation," and this Court's sanction of incarcerating Anderson for the duration of the trial or until he testifies, is for the express purpose of obtaining his testimony.

Nevertheless, Anderson argues that despite the Court's legitimate intention in placing him in custody, the sanction is impermissible because he has steadfast in his refusal to give testimony, and therefore confinement has no coercive effect on him, and is punitive. Although courts have recognized that in some cases, confinement for civil contempt may be punitive rather than coercive, and therefore violate a witness's due process rights, Anderson does not have a valid due process claim.

In *In re Grand Jury Investigation*, 600 F.2d 420, 428 (3d Cir. 1979), which Anderson cites, Braun challenged his custodial sentence for refusing to testify before a grand jury, based on "his persistent refusal to cooperate with the government in the past." The Third Circuit acknowledged that a sentence for civil contempt could become punitive based on the duration of

incarceration, as when a person is jailed indefinitely, but also noted that when this happened "is not readily discernible" and "[o]bviously, the civil contempt power would be completely eviscerated were a defiant witness able to secure his release merely by boldly asserting that he will never comply with the court's order." *Id.* at 424-25, 428. In Braun's case, his "history of non-cooperation is not in itself sufficient to meet the heavy burden that Braun must bear in order to establish that his confinement pursuant to s 1826(a) [for a statutory maximum of 18 months] is in violation of due process." *Id.* at 428. The Third Circuit noted that Braun's continued silence "during the relatively few months that he has been held in coercive imprisonment far less than the eighteen months that in Congress's view approached the punitive level" did not "necessarily mean that he will not succumb under the pressure of further confinement." *Id.* at 428.

Anderson's case is similar to Braun's. As the Third Circuit case noted, where the period of incarceration for civil contempt is confined, the concern that it is punitive is significantly lessened. In this case, the evidentiary portion of the trial is expected to last between two and four weeks. At the end of this time, Anderson will be released, regardless of whether he testifies. Under such circumstances, Anderson's incarceration clearly "bears a reasonable relationship to the purpose for which he is committed." *See Lambert v. Montana*, 545 F.2d 87, 89, 91 (9th Cir. 1976) (explaining that due process challenges to civil contempt sentences require nature and duration of commitment to bear some reasonable relationsip to purpose for which individual is committed, and remanding to district court for finding of whether there was substantial likelihood that continued confinement had lost its coercive power over petitioner, who had been confined for sixteen straight months for failing to testify).

Moreover, it is Anderson's heavy burden to persuade this Court that there is a "substantial likelihood" that confinement is no longer coercive to him. *Lambert*, 545 F.2d at 87-91. He has not done so. Anderson has indeed demonstrated that he does not intend to testify at the trial. He has gone into custody for it – but Anderson's accounting of the time he has spent in custody for this is exaggerated. Anderson served 3 months in prison on his sentence. This was not related to his civil contempt. Anderson has also spent time in prison for refusing to testify before the grand jury. He has never spent time in prison for refusing to testify at trial.

This difference is important.  While Anderson may dispute this, his refusal to testify until this point may reasonably be interpreted as an attempt to thwart trial and protect his former clients, including defendant Bonds.  Now, finally, the trial is happening, and the circumstances and pressures are different than they ever were before.  Anderson's refusal to testify has necessitated numerous other witnesses, who might not otherwise be called to testify, to provide circumstantial evidence of what Anderson could provide direct evidence.  These other witnesses, a number of whom were Anderson's athlete clientele, will face public scrutiny and embarrassment that could have been avoided but for Anderson's refusal to testify.  The imminence of this may impact Anderson's determination to refuse to testify, since potential future clients would reasonably avoid working with a trainer who created such a difficult situation for them.

Recently, this Court also notified Anderson that his testimony is not merely sought by the government, but defendant Bonds.  Anderson has never been so notified, and this new information may also change the calculus of whether to testify.

Anderson's last period of incarceration ended in November 2007.  It is now March 2011.  Anderson's previous imperviousness to incarceration cannot be said to be indicative of his current state.  More than three years have passed since he was last in custody; the circumstances of life have changed.

Under these circumstances, this Court properly exercised its inherent authority to place Anderson in custody until he testifies or for the duration of the trial.

//

//

//

//

**CONCLUSION**

For the above-stated reasons, the government respectfully asks this Court to find that confinement has not lost its coercive power of Anderson, and to deny Anderson's motion for his release prior to his agreeing to provide testimony at trial, or prior to the close of evidence in this trial.

DATED: March 22, 2011                    Respectfully submitted,


                                          MELINDA HAAG
                                          United States Attorney

                                                 /s/
                                          _____
                                          MATTHEW A. PARRELLA
                                          JEFFREY D. NEDROW
                                          MERRY JEAN CHAN

                                          Assistant United States Attorneys

U.S. OPP. ANDERSON'S MOT. FOR RELEASE
[CR 07-0732-SI]                          6