**EXHIBIT A**



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 28 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: GRAND JURY SUBPOENA, DATED July 19, 2006. | No. 06-16572 |
| | D.C. No. CR-06-90292-WHA |
| GREG FRANCIS ANDERSON, | MEMORANDUM* |
| Witness - Appellant, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, Distict Judge, Presiding

Submitted September 28, 2006 **

Before: REINHARDT, O'SCANNLAIN and GRABER, Circuit Judges.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

06-16572

The motion to seal the answering brief and excerpts of record is granted.

Greg Anderson appeals the district court's August 28, 2006 order of confinement for contempt of court following his refusal to testify before a federal grand jury. Anderson contends that the government possesses an illegal tape recording that taints the grand jury proceedings.

This court has jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1826(a). We review the district court's contempt order for abuse of discretion; *see In re Grand Jury Proceedings*, 40 F.3d 959, 961 (9th Cir. 1994) (per curiam), and the district court's underlying factual findings for clear error, and will not reverse unless this court has "a definite and firm conviction that the [district court] committed a clear error of judgment after weighing the relevant factors." *Irwin v. Mascott*, 370 F.3d 924, 931 (9th Cir. 2004) (internal quotation marks omitted).

We are unable to conduct a review because the factual findings and record are not adequate. We remand to the district court for further proceedings consistent with this order.

The government acknowledged the existence of a tape recording ("Paragraph 8 material") which it refused to disclose to Anderson. Anderson requested a limited hearing on the legality of the tape recording. The court denied

06-16572

the request and discussed the Paragraph 8 material with the government ex parte. Based on the ex parte discussion, the government agreed to limit its questions to those not derived from the Paragraph 8 material. The district court concluded that the tape recording was not produced by a wiretap but made no finding on the legality of the tape recording under 28 U.S.C. § 2515.

The record contains insufficient evidence to demonstrate that the government made the requisite showing concerning 18 U.S.C. §§ 2511(2)(d) and 2510(2) in an *in camera* hearing before the district court or that its questions to Anderson in the grand jury were not derived from Paragraph 8 material.

The district court must determine either that the government made the requisite factual showing that the Paragraph 8 material does not violate 18 U.S.C. §§ 2515 and 2511(2)(d) or that its questions to Anderson in the grand jury were not tainted by Paragraph 8 material. If the government objects to disclosure of documents based on secrecy grounds, the court may make the determination *in camera*.

A transcript of the hearings, including any *in camera* hearing, shall be made so that this court may review the proceedings. Appellee shall order a transcript of the hearing at the daily rate upon the conclusion of the hearing. Appellee shall

06-16572

provide a copy to this court of such transcript within 24 hours. If the hearing is *in camera*, the transcript shall be filed in the district court under seal and the copy filed with this court shall be identified as filed under seal and appellant will not be served with this document.

We remand for the district court to conduct further proceedings consistent with this decision and issue its order within a week of the filing date of this decision. The district court must make findings sufficient for this court to review in any new subsequently filed appeal.

Anderson also raises five other claims: that in light of his plea agreement he need not testify before the grand jury; that because there were leaks from the first grand jury's proceedings he need not testify before the second grand jury; that the district court improperly relied on material not in evidence; that he complied with the district court's order calling for a question-by-question determination of taint; and that his confinement is impermissibly punitive and not coercive. We find the first four claims to be without merit. As to the fifth claim, we find it to lack merit considering the length of Anderson's incarceration to date. Our ruling on the fifth claim is without prejudice, however, and the claim may be renewed at a later date.

**REMANDED.**