# EXHIBIT B

1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2
   EUMI L. CHOI (WVSN 0722)                    **FILED**
3  Chief, Criminal Division
                                               JUL 1 5 2005
4  MATTHEW A. PARRELLA (NYSBN #2040855)
   JEFFREY D. NEDROW (CSBN 161299)             RICHARD W. WIEKING
5  JEFFREY R. FINIGAN (CSBN 168285)            CLERK U.S. DISTRICT COURT
   Assistant United States Attorneys           NORTHERN DISTRICT OF CALIFORNIA
6
       150 Almaden Boulevard, Suite 900
7      San Jose, California 95113
       Telephone: (408) 535-5045
8      Facsimile: (408) 535-5066

9  Attorneys for Plaintiff

10                      UNITED STATES DISTRICT COURT
11                     NORTHERN DISTRICT OF CALIFORNIA
12                          SAN FRANCISCO DIVISION
13

14 UNITED STATES OF AMERICA,       )    No. CR 04-0044-SI
15      Plaintiff,                 )
                                   )
16                                 )    PLEA AGREEMENT
        v.                         )
17                                 )
   GREG ANDERSON,                  )
18                                 )
        Defendant.                 )
19 _____)

20     I, Greg Anderson, and the United States Attorney's Office for the Northern District of

21 California (hereafter "the government") enter into this written plea agreement (the "Agreement")

22 pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure:

23 **The Defendant's Promises**

24     1. I agree to plead guilty to Count One of the captioned Indictment charging me with

25 conspiracy to distribute anabolic steroids, in violation of 21 U.S.C. § 846, and Count Forty-Two,

26 charging me with money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). I agree that the

27 elements of the offenses and the maximum penalties for each offense are as follows:

28

PLEA AGREEMENT
CR 04-0044-SI

## COUNT ONE—ELEMENTS

(1) There was an agreement between myself and one or more persons to distribute, and possess with intent to distribute, anabolic steroids; and

(2) I became a member of that conspiracy to distribute, and possess with intent to distribute, anabolic steroids knowing of at least one of its objectives and intending to help accomplish that objective.

## COUNT ONE—PENALTIES

| | | |
|---|---|---|
| a. | Maximum prison sentence | Five years imprisonment |
| b. | Maximum fine | $250,000 or twice the gross gain or gross loss, whichever is greater |
| c. | Maximum supervised release term | Two years |
| d. | Mandatory special assessment | $100 |
| e. | Restitution | None |

## COUNT FORTY-TWO – ELEMENTS

(1) I willfully caused another person to conduct a financial transaction.

(2) I knew the money involved in that financial transaction represented the proceeds of some form of unlawful activity.

(3) The financial transaction involved the proceeds of drug trafficking, a specified unlawful activity.

(4) I knew that the transaction was at least partially designed to conceal the nature, location, source, ownership, or control of proceeds of drug trafficking.

## COUNT FORTY-TWO—PENALTIES

| | | |
|---|---|---|
| a. | Maximum prison sentence | 20 years imprisonment |
| b. | Maximum fine | $ 250,000 or twice the gross gain or gross loss, whichever is greater |
| c. | Maximum supervised release term | Five years |
| d. | Mandatory special assessment | $ 100 |
| e. | Restitution | None |

PLEA AGREEMENT
CR 04-0044-SI                                                    2

2. I agree that I am guilty of the offenses to which I will plead guilty, and I agree that the following facts are true:

Between December 1, 2001 and September 3, 2003, I knowingly participated in a conspiracy with Victor Conte and Jim Valente to illegally distribute anabolic steroids. I also laundered the proceeds of my steroid-trafficking activities by willfully causing another person to cash checks written to me for the sale of steroids, thus resulting in my concealment and disguise of the nature, location, source, ownership, and control of the proceeds of the illegal distribution of anabolic steroids.

I knowingly illegally distributed steroids, and I distributed other performance-enhancing drugs, to athletes in furtherance of the conspiracy. The drugs I distributed to these athletes included a testosterone/epitestosterone cream, known as "The Cream;" a synthetic and undetectable steroid-like derivative, tetrahydragestrinone, also known as "THG," or "The Clear;" injectable human growth hormone; clomid (an anti-estrogen medication used to help the body regenerate natural testosterone levels); injectable anabolic steroids; and oral anabolic steroids, including ones I referred to as "beans." In furtherance of the conspiracy, I obtained steroids from the Bay Area Lab Cooperative, or "BALCO."

Upon receiving checks from athletes, portions of which were attributed as payment for steroids, I laundered the proceeds by willfully causing another person to cash the checks for me in that person's name. I asked this other person to cash the checks derived from the sale of steroids knowing that the purpose of the transaction was at least partially to conceal my receipt of checks from the athletes as payment for the sale of steroids.

As alleged in Count Forty-Two, I agree that on April 8, 2003, I caused another person to cash a check written to me for $1,200, which in fact involved the proceeds of steroid distribution. I agree that the check was cashed at a financial institution in San Mateo, California affecting interstate commerce.

3. I further agree to waive all rights and ownership in $22,500 of the monies seized from my residence on September 3, 2003. I will not contest that there is probable cause for the

PLEA AGREEMENT
CR 04-0044-SI                                         3

1  government's contention that $22,500 of those seized assets represent the proceeds from the
2  criminal steroid trafficking and money laundering activity with which I was involved, as
3  described above. I will not contest the government's administrative seizure of $22,500 of these
4  assets. I also waive any rights of appeal to the seizure and forfeiture of $22,500 of these assets.
5  In addition, I will grant the government a waiver for not duly providing a "Notice of Intent to
6  Forfeit" to me in connection with $22,500 of these assets.
7     4. I agree to give up all rights that I would have if I chose to proceed to trial, including
8  the rights to a jury trial with the assistance of an attorney; to confront and cross-examine
9  government witnesses; to remain silent or testify; to move to suppress evidence or raise any other
10 Fourth or Fifth Amendment claims; to any further discovery from the government and to future
11 DNA testing of physical evidence in the government's possession; and to pursue any affirmative
12 defenses and present evidence.
13    5. I agree to give up my right to appeal my convictions, the judgment, and orders of the
14 Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including
15 any orders relating to forfeiture and/or restitution.
16    6. I understand that under 18 U.S.C. § 3600, I have the right, under certain
17 circumstances, to post-conviction DNA testing of evidence in the government's possession in
18 support of a claim that I am actually innocent of the offenses to which I am pleading guilty under
19 this plea agreement. I agree to waive my right to post-conviction DNA testing and my right to
20 file a petition under 18 U.S.C. § 3600 to compel that testing.
21    7. I agree not to file any collateral attack on my convictions or sentence, including a
22 petition under 28 U.S.C. § 2255, at any time in the future after I am sentenced, except for a claim
23 that my constitutional right to the effective assistance of counsel was violated.
24    8. I agree that the Court will calculate my sentencing range under the Sentencing
25 Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult
26 those Guidelines and take them into account when sentencing. I agree that regardless of the
27 sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my
28 guilty pleas. I also agree that the Sentencing Guidelines range will be calculated as follows and

PLEA AGREEMENT
CR 04-0044-SI                                    4

that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range:

### COUNT ONE

(1) Base Offense Level, U.S.S.G. § 2D1.1(c): 6

[For purposes of the Sentencing Guidelines, the parties agree that the quantity of drugs involved in the conspiracy charged in Count One of the Indictment was less than 250 units of Schedule III substances.]

(2) Acceptance of responsibility: -2
(If I meet the requirements of U.S.S.G. § 3E1.1)

(3) Adjusted offense level: 4

### COUNT FORTY-TWO

(1) Base Offense Level, U.S.S.G. § 2S1.1(a)(1): 6

(2) Conviction under 18 U.S.C. § 1956 +2

(3) Acceptance of responsibility: -2
(If I meet the requirements of U.S.S.G. § 3E1.1)

(4) Adjusted offense level: 6

Final Offense Level:
(w/application of grouping guideline
U.S.S.G. § 3D1.2): 6

I further agree that based upon these calculations, the sentencing range is 0-6 months, based upon an estimated criminal history category I designation. I understand that this estimated sentencing range will change if I have a greater criminal history category designation.

9. I agree that a sentence within the Guideline range is reasonable and that I will not seek a sentence below the Guideline range. I agree that, regardless of any other provision in this Agreement, the government may and will provide to the Court and the Probation Office all information relevant to the charged offenses or the sentencing decision. I also agree that the Court is not bound by the Sentencing Guidelines calculations above, the Court may conclude that a higher guideline range applies to me, and, if it does, I will not be entitled, nor will I ask, to withdraw my guilty pleas.

PLEA AGREEMENT
CR 04-0044-SI 5

10. I agree that I will make a good faith effort to pay any fine, forfeiture or restitution I am ordered to pay. Before or after sentencing, I will, upon request of the Court, the government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessments at the time of sentencing.

11. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release (if any); intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; or fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises below, but I will not be released from my guilty pleas.

12. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

13. I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

## The Government's Promises

14. The government agrees to move to dismiss any open charges pending against the defendant in the captioned indictment at the time of sentencing.

15. The government agrees not to file or seek any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned indictment.

16. The government agrees to recommend the Guidelines calculations set out above. The government agrees that based upon these calculations, the sentencing range is 0-6 months, based upon an estimated criminal history category I designation.

PLEA AGREEMENT
CR 04-0044-SI                                         6

## The Defendant's Affirmations

17. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that he has provided me with all the legal advice that I requested.

18. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

19. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: 7-15-05

GREG ANDERSON
Defendant

Dated: 7/15/05

KEVIN V. RYAN
United States Attorney

MATTHEW A. PARRELLA
JEFFREY D. NEDROW
JEFFREY R. FINIGAN
Assistant United States Attorneys

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights he is giving up by pleading guilty, and, based on the information now known to me, his decision to plead guilty is knowing and voluntary.

Dated: 7-15-05

J. TONY SERRA
ANNA LING
Attorneys for Defendant

PLEA AGREEMENT
CR 04-0044-SI                     7

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

USA et al,  
        Plaintiff,

v.

Anderson et al,  
        Defendant.

Case Number: CR04-00044 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 18, 2005, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

J. Tony Serra  
506 Broadway  
San Francisco, CA 94133

Edward W. Swanson  
Swanson & McNamara, LLP  
300 Montgomery St., Suite 1100  
San Francisco, CA 94104

Jeffrey D. Nedrow  
United States Attorney's Office  
NDCA, San Jose Division  
150 Almaden Blvd., Suite 900  
San Jose, CA 95113

Mary McNamara  
Swanson & McNamara LLP  
300 Montgomery St.  
Suite 1100  
San Francisco, CA 94104

Alan Dressler  
Walker & Andreas  
633 Battery St., Ste 635  
San Francisco, CA 94111

George G. Walker  
633 Battery St. #635  
San Francisco, CA 94111

USPO

Ann Carole Moorman
Law Offices of Ann C. orman
308 South School Street
Ukiah, CA 95482

Dated: July 18, 2005

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk

2