IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | No. C 07-00732 SI |
| Plaintiff, | **ORDER FINDING GREG ANDERSON IN CIVIL CONTEMPT AND COMMITTING HIM TO THE CUSTODY OF THE U.S. MARSHALS** |
| v. | |
| BARRY LAMAR BONDS, | |
| Defendant. | |

On March 1, 2011, Greg Anderson appeared at a pretrial conference in the above captioned case, accompanied by counsel. *See* Doc. 257 (Transcript). The Court ordered Mr. Anderson to appear in Court on Tuesday, March 22, 2011. *Id.* TR 5:1–5:2. The Court explained that it would order Mr. Anderson to testify on that day. *Id.* TR 5:8–5:10. The Court stated that if Mr. Anderson refused to testify at that time, he would most likely be ordered into custody for the balance of the trial, as part of an effort to compel him to testify. *Id.* TR 5:25–6:3; 7:5–7:8. The Court informed Mr. Anderson not only that the government wanted him to testify, but that Barry Bonds, the defendant, wished for him to testify as well. *Id.* TR 6:8–6:14.

On March 22, 2011, Mr. Anderson appeared in Court as ordered, again accompanied by counsel. He was sworn in, stated his name for the record, and thereafter refused to testify further. The Court stated a preliminary finding that Mr. Anderson might, if incarcerated, change his mind and be willing to testify. The Court explained this to Mr. Anderson, held him in civil contempt, and informed him that he would be held either until he changed his mind, or until the trial concluded. The Court gave Mr. Anderson the opportunity to reply, at which point Mr. Anderson's attorney presented the Court with a motion captioned "Motion to Determine that Further Custodial Sanctions Would Be Punitive Rather Than Coercive." Doc. 308. The Court ordered Mr. Anderson into custody, and explained to Mr. Anderson that, after reviewing his motion, the Court would either issue a written contempt order the

same day or order him released.[1] The government has filed an opposition to Mr. Anderson's motion. Doc. 309.

Section 1826 of Title 28 of the United States Code states, in relevant part:

(a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of--

    (1) the court proceeding, or

    (2) the term of the grand jury, including extensions,

before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

Having reviewed the arguments of the parties, the Court reaffirms its finding that Mr. Anderson has refused to comply with this Court's order to testify at the trial of Mr. Bonds without just cause, and that therefore he is in civil contempt. The Court reaffirms its finding that incarceration is a coercive tool that, in this case, may convince Mr. Anderson to testify in this trial. Therefore, the Court reaffirms its order that Mr. Anderson be taken into the custody of the U.S. Marshals. If and when he expresses a willingness to testify—or before that time, if the trial has come to an end—Mr. Anderson will be released.

Mr. Anderson makes two arguments against being incarcerated at this time. The first argument is that he has "just cause" not to testify in light of his plea agreement in *United States v. Anderson*, Case No. CR 04-0440 SI. *See* Doc. 309 Ex. B (Plea Agreement). The Ninth Circuit rejected this argument previously, after Mr. Anderson was found in civil contempt for refusing to testify before the grand jury investigating Mr. Bonds. *See* Doc. 309 Ex. A (Memorandum Disposition). Mr. Anderson provides no reason for the Court to reach a different conclusion regarding trial testimony, and the Court will not do so. Mr. Anderson has not only been subpoenaed by the government to testify, but he has also been asked by Mr. Bonds and ordered to by the Court. He has failed to show just cause for this refusal.

The second argument is that incarceration will not change his mind; and because incarceration

---

[1] Mr. Anderson's counsel agreed to this procedure.

2

1 will not change his mind, incarceration is a punitive rather than coercive measure. In support of his
2 argument, he explains that he was incarcerated previously for approximately a year after being found
3 in civil contempt for refusing to testify before the grand jury investigating Mr. Bonds, and that he did
4 not change his mind during that time, and he presents a declaration from Jack Trimarco, a former FBI
5 agent, who states that "putting Mr. Anderson back in custody would have no coercive effect whatsoever
6 on his will to testify." Doc. 308 Ex. B. at ¶ 12.

7 The due process clause requires that incarceration pursuant to a court's civil contempt power
8 "bear[] a reasonable relationship to the purpose for which [a person] is committed." *Lambert v.*
9 *Montana*, 545 F.2d 87, 89 (9th Cir. 1976). Where "the commitment has lost its coercive force," it
10 becomes "punishment falling under the pale of criminal contempt." *Id.* at 90.

11 Here, the confinement is for the purpose of compelling Mr. Anderson to testify, and will last
12 only as long as he continues to refuse to testify while the trial is ongoing. Additionally, confinement
13 retains its coercive force. Mr. Anderson has never previously refused to testify in this trial, and he has
14 never previously been found in civil contempt for refusing to testify in this trial. Mr. Anderson was last
15 released from custody over three years ago. Now, unlike when Mr. Anderson refused to testify
16 previously, Mr. Anderson has been informed in open court and in front of Mr. Bonds that Mr. Bonds
17 wishes for him to testify in this case. Changed circumstances—such as the passage of time and the
18 difference between proceedings—can cause an individual to reassess his willingness to testify. *See In*
19 *re Grand Jury Proceedings of Special April 2002 Grand Jury*, 347 F.3d 197, 202 (7th Cir. 2003). The
20 Court finds that the changed circumstanced, combined with the coercive effect of confinement, might
21 cause Mr. Anderson to reassess his willingness to testify.

23 **IT IS SO ORDERED.**

25 Dated: March 22, 2011

SUSAN ILLSTON
United States District Judge

3