```
 1  ALLEN RUBY (SBN 47109)
    SKADDEN, ARPS,
 2    MEAGHER & FLOM, LLP
    525 University Avenue, Ste. 1100
 3  Palo Alto, CA 94301
    Telephone: (650) 470-4500
 4  Facsimile: (650) 470-4570

 5  CRISTINA C. ARGUEDAS (SBN 87787)
    TED W. CASSMAN (SBN 98932)
 6  ARGUEDAS, CASSMAN & HEADLEY, LLP
    803 Hearst Avenue
 7  Berkeley, CA 94710
    Telephone: (510) 845-3000
 8  Facsimile: (510) 845-3003

 9  DENNIS P. RIORDAN (SBN 69320)
    DONALD M. HORGAN (SBN 121547)
10  RIORDAN & HORGAN
    523 Octavia Street
11  San Francisco, CA 94102
    Telephone: (415) 431-3472
12  Facsimile: (415) 552-2703

13  Attorneys for Defendant
    BARRY LAMAR BONDS
```

ALLEN RUBY (SBN 47109)
SKADDEN, ARPS,
  MEAGHER & FLOM, LLP
525 University Avenue, Ste. 1100
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

CRISTINA C. ARGUEDAS (SBN 87787)
TED W. CASSMAN (SBN 98932)
ARGUEDAS, CASSMAN & HEADLEY, LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000
Facsimile: (510) 845-3003

DENNIS P. RIORDAN (SBN 69320)
DONALD M. HORGAN (SBN 121547)
RIORDAN & HORGAN
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703

Attorneys for Defendant
BARRY LAMAR BONDS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 07 0732 SI |
| Plaintiff, | **DEFENDANT'S MOTION FOR A DIRECTED VERDICT OF ACQUITTAL UNDER FED.R.CRIM.P. 29** |
| vs. | |
| BARRY LAMAR BONDS, | Date: TBA |
| Defendant. | Time: TBA |
| | Judge: The Honorable Susan Illston |

## INTRODUCTION

Defendant Barry Bonds now moves under Federal Rule of Criminal Procedure 29 to dismiss all counts against him on the ground that, as to each of the five charged offenses, the government has failed to offer evidence sufficient to convince a reasonable jury that the defendant's guilt has been proven beyond a reasonable doubt. Mr. Bonds' motion will be made

**Defendant's Motion for a Directed
Verdict of Acquittal Under Fed.R.Crim.P. 29**

1

orally as to Counts One to Five on the basis of the legal standard explicated below. Written argument is also submitted as to the false statement charges in Counts Three and Four.

## THE LEGAL STANDARD

Claims of insufficient evidence are reviewed *de novo*. *United States v. Jiang*, 476 F.3d 1026, 1029 (9th Cir. 2007). The evidence is insufficient to support a conviction if, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could not find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 324 (1979); *United States v. Milwitt*, 475 F.3d 1150, 1152 (9th Cir. 2007).

To satisfy the *Jackson v. Virginia* test, the government's evidence, including all reasonable inferences drawn therefrom, must be substantial and raise more than mere suspicion of guilt. *United States v. Messer*, 197 F.3d 330, 343 (9th Cir. 1999). As *Jackson* held, a mere modicum of evidence cannot support conviction beyond a reasonable doubt. 443 U.S. at 320. Where the government relies on circumstantial evidence, the inferences drawn therefrom must be reasonable and not speculative. *United States v. Charles,* 313 F.3d 1278, 1284 (11th Cir. 2002); *United States v. Knowles*, 66 F.3d 1146 (11th Cir. 1995). Where two equally strong inferences can be drawn from the evidence, one supporting guilt and the other innocence, the evidence is insufficient to support conviction. *See, e.g., United States v. Ramos-Rascon*, 8 F.3d 709, 710 (9th Cir. 1993) (reversing a conviction because, though "strongly suggestive" of guilt, conduct was also consistent with innocence); *United States v. Bautista-Avila*, 6 F.3d 1360, 1363 (9th Cir. 1993) (same); *United States v. Vasquez-Chan*, 978 F.2d 546, 549 (9th Cir. 1992) (same)

**I.   THE EVIDENCE IS INSUFFICIENT TO CONVINCE A REASONABLE JURY EITHER THAT DEFENDANT BONDS TOOK THE "CREAM" AND THE "CLEAR" BEFORE THE 2003 MAJOR LEAGUE SEASON OR THAT HE LIED TO THE GRAND JURY ON THE SUBJECT**

Count Four alleges that Barry Bonds knowingly made a material false declaration before the grand jury when he testified that "prior to last season," i.e., prior to the 2003 major league baseball season, Mr. Bonds "never took anything that [Greg Anderson] asked you to take...," more specifically, "oils like this or anything like this....." (Third Superceding Indictment, at paragraphs 16 and 17) It is undisputed that the "oils like this or anything like this" referred to

**Defendant's Motion for a Directed**
**Verdict of Acquittal Under Fed.R.Crim.P. 29**

"the clear" and "the cream." The "clear" is a liquid; the "cream" is an ointment or lotion-like substance. These substances had been shown to Mr. Bonds earlier during his grand jury testimony, and he had testified that he had been given these substances by Greg Anderson at the end of 2002 and during the 2003 baseball season. (Bonds GJT at 23-32)[1] During that period of time, Greg Anderson placed the "clear" under Mr. Bonds's tongue, and rubbed the "cream" on his arm. (*Id.*) The vials of the substances had been placed before Mr. Bonds when he was asked the questions which form the basis of Count Four. (*Id.*)

There is no evidence in the record that Greg Anderson asked Mr. Bonds to take, or that Mr. Bonds did take, ingest, or use, the clear or the cream before the 2003 season. There is evidence that a urine sample taken from Mr. Bonds in May of 2003 tested positive for the substances contained in the clear and the cream, a fact consistent with Mr. Bonds's testimony that Anderson administered those substances to him during the 2003 season. But there is simply not a shred of evidence in this record that Mr. Bonds took those substances at any earlier time.

The only other testimony in the record concerning the clear and the cream came from other professional athletes — the Giambi brothers, Marvin Bernard, and Randy Velarde. Their testimony was that they received the clear and cream from Anderson in late 2002 and in the lead-up to the 2003 season, during which Major League Baseball intended to conduct survey testing to determine the prevalence of the use of anabolic steroids by major league players. As the Court has instructed the jury, that testimony has no probative value on the issue of whether Mr. Bonds received the clear and the cream from Anderson. Furthermore, it tends to refute the proposition that Anderson distributed to *anyone* prior to the lead-up to the 2003 season.

No reasonable jury could find it proven beyond a reasonable doubt that Mr. Bonds took the clear or the cream before the 2003 season. Ergo, no reasonable jury could find it proven beyond a reasonable doubt that Mr. Bonds testified falsely in denying that he took the clear or the cream before the 2003 season. Count Four must be dismissed as unsupported by sufficient evidence.

---

[1] The relevant pages of the Grand Jury transcript are attached as Exhibit A.

**Defendant's Motion for a Directed**
**Verdict of Acquittal Under Fed.R.Crim.P. 29**

3

1  II.  **THE EVIDENCE IS INSUFFICIENT TO CONVINCE A REASONABLE JURY EITHER THAT GREG ANDERSON GAVE DEFENDANT BONDS HUMAN GROWTH HORMONE OR THAT MR. BONDS LIED TO THE GRAND JURY ON THE SUBJECT**

Count Three alleges that Mr. Bonds knowingly made a false statement to the grand jury when he denied that Greg Anderson had ever given him what the defendant understood to be human growth hormone. (Third Superceding Indictment, at paragraphs 16 and 17)

It is beyond dispute that in its effort to prove the HGH charge, the government has *not* introduced evidence of: (1) a blood or urine analysis in which Mr. Bonds tested positive for HGH; (2) testimony by Mr. Anderson or an admission by Mr. Bonds that the former gave HGH to the latter; or (3) testimony by any witness that he or she observed Mr. Anderson give to Mr. Bonds a substance the witness knew to be HGH.

The government has introduced evidence that Greg Anderson was Mr. Bonds's weight trainer and a frequent visitor to his home; that Anderson had access to human growth hormone; that he distributed HGH to professional athletes; and that athletes who take HGH frequently do so by means of an injection in the abdominal area. The government also introduced testimony from Kathy Hoskins that on a single occasion while she was packing the defendant's clothes prior to a road trip, she witnessed Greg Anderson inject defendant Bonds in the navel with an unknown substance. (RT 1560, 1580).[2]

Obviously, the credibility of Ms. Hoskins's testimony is subject to challenge, but the issue of credibility is not before the Court on a Rule 29 motion; the Court assumes the testimony is truthful for the purpose of deciding the sufficiency of the evidence. Thus the pivotal issue for the Court as to Count Three is whether, assuming Ms. Hoskins witnessed Mr. Bonds being injected, a reasonable jury could find that the record evidence is not only consistent with the inference that the injection consisted of HGH, but also is inconsistent with any other conclusion. If a reasonable jury would have to conclude that the evidence can be reconciled with the conclusion that Anderson injected Mr. Bonds with a substance other than HGH, the defendant

---

[2] The relevant pages of the Reporter's Transcript are attached as Exhibit B.

**Defendant's Motion for a Directed
Verdict of Acquittal Under Fed.R.Crim.P. 29**

4

must be acquitted on Count Three. *United States v. Ramos-Rascon*, 8 F.3d 709, 710 (9th Cir. 1993) (reversing a conviction because, though "strongly suggestive" of guilt, conduct was also consistent with innocence); *United States v. Bautista-Avila*, 6 F.3d 1360, 1363 (9th Cir. 1993) (same); *United States v. Vasquez-Chan*, 978 F.2d 546, 549 (9th Cir. 1992) (same)

Obviously, Ms. Hoskins's testimony that Anderson injected Mr. Bonds with *something* may have significance to charges other than Count Three: e.g., the Count One charge that the defendant falsely denied taking steroids from Anderson; or the Count Two charge that Mr. Bonds falsely denied being injected by anyone "like Mr. Anderson or any associates of his." But Mr. Bonds cannot be convicted on Count Three unless a reasonable jury can find beyond a reasonable doubt that Anderson injected him with HGH.

The abdomen is a favored area for a subcutaneous injection of any substance, legal or illegal, because flesh can be pinched there to facilitate the injection. The government introduced testimony from Stan Conte that members of the Giants team receive injections of vitamin B-12. The government alleges that Anderson provided Mr. Bonds with injectable steroids, and it has introduced evidence that Anderson possessed injectable steroids in his home and that he injected Randy Valarde with steroids. If Kathy Hoskins witnessed an injection, that fact could surely support a suspicion that the injection was of HGH, but no more. A reasonable juror could not rule out the possibility that the unknown substance purportedly injected into Mr. Bonds's navel was something other than HGH. Mr. Bonds must be acquitted on Count Three.

//
//
//
//
//

**Defendant's Motion for a Directed**
**Verdict of Acquittal Under Fed.R.Crim.P. 29**

**CONCLUSION**

For the reasons stated above, defendant Bonds's motion under Rule 29 to acquit on Counts Three and Four must be granted and those counts must be dismissed.

Dated: April 5, 2011      Respectfully submitted,

ALLEN RUBY (SKADDEN, ARPS, ET AL.)

ARGUEDAS, CASSMAN & HEADLEY, LLP

RIORDAN & HORGAN

By   /s/ Dennis P. Riordan
       Dennis P. Riordan

By   /s/ Donald M. Horgan
       Donald M. Horgan

Counsel for Defendant
Barry Lamar Bonds