1  MELINDA HAAG (CASBN 132612)
   United States Attorney
2
   J. DOUGLAS WILSON (DCBN 412811)
3  Deputy Chief, Criminal Division

4  MATTHEW A. PARRELLA (NYSBN 2040855)
   JEFFREY D. NEDROW (CASBN 161299)
5  MERRY JEAN CHAN (CABN 229254)
   Assistant United States Attorneys
6

7     150 Almaden Boulevard,
      San Jose, California 95113
8     Telephone: (408) 535-5045
      Facsimile: (408) 535-5066
9     Email: jeff.nedrow@usdoj.gov

10
   Attorneys for Plaintiff
11

12                     UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                         SAN FRANCISCO DIVISION

15
   UNITED STATES OF AMERICA,        )   No. CR 07-0732 SI
16                                  )
          Plaintiff,                )
17                                  )   **PROPOSED JURY INSTRUCTIONS**
          v.                        )   **FOR COUNTS ONE, TWO AND**
18                                  )   **THREE**
   BARRY LAMAR BONDS,               )
19                                  )
          Defendant.                )   Trial:  April 7, 2011
20                                  )   Time:   8:30 a.m.
                                    )   Court:  Hon. Susan Illston
21 _____ )

22
         The government respectfully requests that the Court charge the jury with the following
23
   jury instructions for Counts One, Two, and Three. The government has conferred with defense
24
   //
25
   //
26
   //
27
   //
28
   PROPOSED JURY INSTRUCTIONS
   FOR COUNTS ONE, TWO, AND THREE
   CR 07-0732 SI

1  counsel regarding these instructions, and the defense concurs with these instructions as drafted.

2  DATED: April 6, 2011                    Respectfully submitted,

3

4                                          MELINDA HAAG
                                           United States Attorney
5

6                                          _____
                                           MATTHEW A. PARRELLA
7                                          JEFFREY D. NEDROW
                                           MERRY JEAN CHAN
8                                          Assistant United States Attorneys

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED JURY INSTRUCTIONS
FOR COUNTS ONE, TWO, AND THREE
CR 07-0732 SI                              2

## COUNT ONE–FALSE DECLARATION

(18 U.S.C. § 1623(a))

The defendant is charged in Count One with making a material false declaration before a grand jury, in violation of 18 U.S.C. § 1623(a). Count One alleges that the defendant made the following material false declaration (underlined below) :

| | |
|---|---|
| Question: | I know the answer - - let me ask you this again. I know we kind of got into this. |
| | Let me be real clear about this. Did he [Anderson] ever give you anything that you knew to be a steroid? Did he ever give a steroid? |
| Answer: | I don't think Greg would do anything like that to me and jeopardize our friendship. I just don't think he would do that. |
| Question: | Well, when you say you don't think he would do that, to your knowledge, I mean, did you ever take any steroids that he gave you? |
| Answer: | <u>Not that I know of.</u> |

In order for the defendant to be found guilty of Count One, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant testified under oath before a grand jury;
2. The testimony described above was false;
3. The testimony was material to the grand jury before which he testified; and
4. The defendant knew that the testimony described above was false and material to the grand jury before for which he testified.

A statement was material if it had a natural tendency to influence, or was capable of influencing, the decision of the grand jury to which it is addressed.

PROPOSED JURY INSTRUCTIONS
FOR COUNTS ONE, TWO, AND THREE
CR 07-0732 SI                3

**COUNT TWO–FALSE DECLARATION**

(18 U.S.C. § 1623(a))

The defendant is charged in Count Two with making a material false declaration before a grand jury, in violation of 18 U.S.C. § 1623(a). Count Two alleges that the defendant made the following material false declaration (underlined below):

Question: Did Greg ever give you anything that required a syringe to inject yourself with?

Answer: I've only had one doctor touch me. And that's my only personal doctor. Greg, like I said, we don't get into each others' personal lives. We're friends, but I don't – we don't sit around and talk baseball, because he knows I don't want – don't come to my house talking baseball. If you want to come to my house and talk about fishing, some other stuff, we'll be good friends. You come around talking about baseball, you go on. I don't talk about his business. You know what I mean?

*********************************

Question: So no one else other than perhaps the team doctor and your personal physician has ever injected anything in to you or taken anything out?

Answer: Well, there's other doctors from surgeries. I can answer that question, if you're getting technical like that. Sure, there are other people that have stuck needles in me and have drawn out - - I've had a bunch of surgeries, yes.

Question: So - -

Answer: So sorry.

Question;: - - the team physician, when you've had surgery, and your own personal physician. But no other individuals like Mr. Anderson or any associates of his?

Answer: <u>No, no.</u>

In order for the defendant to be found guilty of Count One, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant testified under oath before a grand jury;

2. The testimony described above was false;

3. The testimony was material to the grand jury before which he testified; and

4. The defendant knew that the testimony described above was false and material to the grand jury before for which he testified.

PROPOSED JURY INSTRUCTIONS
FOR COUNTS ONE, TWO, AND THREE
CR 07-0732 SI                                          4

1  A statement was material if it had a natural tendency to influence, or was capable of
2  influencing, the decision of the grand jury to which it is addressed.

PROPOSED JURY INSTRUCTIONS
FOR COUNTS ONE, TWO, AND THREE
CR 07-0732 SI                5

**COUNT THREE–FALSE DECLARATION**

(18 U.S.C. § 1623(a))

The defendant is charged in Count Three with making a material false declaration before a grand jury, in violation of 18 U.S.C. § 1623(a). Count Three alleges that the defendant made the following material false declaration (underlined below):

Question: And, again, just to be clear and then I'll leave it, but he [Anderson] never gave you anything that you understood to be human growth hormone? Did he ever give you anything like that?

Answer: <u>No.</u>

In order for the defendant to be found guilty of Count Three, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant testified under oath before a grand jury;

2. The testimony described above was false;

3. The testimony was material to the grand jury before which he testified; and

4. The defendant knew that the testimony described above was false and material to the grand jury before for which he testified. .

A statement was material if it had a natural tendency to influence, or was capable of influencing, the decision of the grand jury to which it is addressed.