IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES,

    Plaintiff,

v.

BARRY LAMAR BONDS,

    Defendant.

No. C 07-00732 SI

**INSTRUCTIONS TO JURY**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**CHARGE AGAINST DEFENDANT NOT EVIDENCE—**
**PRESUMPTION OF INNOCENCE—**
**BURDEN OF PROOF**

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

**REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is

2

guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

**WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;
(2) the witness's memory;
(3) the witness's manner while testifying;
(4) the witness's interest in the outcome of the case, if any;
(5) the witness's bias or prejudice, if any;
(6) whether other evidence contradicted the witness's testimony;
(7) whether the witness made any prior statements that were inconsistent with what the witness said while testifying;
(8) the reasonableness of the witness's testimony in light of all the evidence; and
(9) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

4

**ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS—**
**SINGLE DEFENDANT**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**DISMISSAL OF SOME CHARGES AGAINST DEFENDANT**

At the beginning of the trial, I described the charges against the defendant. For reasons that do not concern you, count four is no longer before you. Do not speculate about why the charge is no longer part of this trial.

The defendant is on trial only for the charges of remaining counts. You may consider the evidence presented only as it relates to the remaining counts.

**STATEMENTS BY DEFENDANT**

You have heard the defendant's grand jury testimony. In addition, you have heard testimony that the defendant made other statements. As to these other statements, it is for you to decide (1) whether the defendant made the statement; and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

**TESTIMONY OF WITNESSES WHO RECEIVED IMMUNITY**

You have heard testimony at trial from seven witnesses -- Steve Hoskins, Kathy Hoskins, Kim Bell, Randy Valarde, Jason Giambi, Jeremy Giambi, and Marvin Benard -- who received immunity for prior testimony. That prior testimony was given in exchange for a promise by the government that the testimony will not be used in any case against the witness except in a prosecution for perjury, false

declarations, or otherwise failing to comply with the immunity agreement.

In evaluating the testimony of each of these seven witnesses, you should consider the extent to which his or her testimony may have been influenced by this factor. In addition, you should examine the testimony of these witnesses with greater caution than that of other witnesses.

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**COUNT ONE – FALSE DECLARATION**

**(18 U.S.C. § 1623(a))**

The defendant is charged in Count One with making a material false declaration before a grand jury, in violation of 18 U.S.C. § 1623(a). Count One alleges that the defendant made the following material false declaration (underlined below):

Question: I know the answer - - let me ask you this again. I know we kind of got into this. Let me be real clear about this. Did he [Anderson] ever give you anything that you knew to be a steroid? Did he ever give a steroid?

Answer: I don't think Greg would do anything like that to me and jeopardize our friendship. I just don't think he would do that.

Question: Well, when you say you don't think he would do that, to your knowledge, I mean, did you ever take any steroids that he gave you?

Answer: <u>Not that I know of.</u>

In order for the defendant to be found guilty of Count One, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant testified under oath before a grand jury;

2. The testimony described above was false;

3. The testimony was material to the grand jury before which he testified; and

4. The defendant knew that the testimony described above was false and material to the grand jury before which he testified.

A statement was material if it had a natural tendency to influence, or was capable of influencing, the decision of the grand jury to which it is addressed.

**COUNT TWO – FALSE DECLARATION**

**(18 U.S.C. § 1623(a))**

The defendant is charged in Count Two with making a material false declaration before a grand jury, in violation of 18 U.S.C. § 1623(a). Count Two alleges that the defendant made the following material false declaration (underlined below):

Question: Did Greg ever give you anything that required a syringe to inject yourself with?

Answer: I've only had one doctor touch me. And that's my only personal doctor. Greg, like I said, we don't get into each others' personal lives. We're friends, but I don't – we don't sit around and talk baseball, because he knows I don't want – don't come to my house talking baseball. If you want to come to my house and talk about fishing, some other stuff, we'll be good friends. You come around talking about baseball, you go on. I don't talk about his business. You know what I mean?

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Question: So no one else other than perhaps the team doctor and your personal physician has ever injected anything in to you or taken anything out?

Answer: Well, there's other doctors from surgeries. I can answer that question, if you're getting technical like that. Sure, there are other people that have stuck needles in me and have drawn out - - I've had a bunch of surgeries, yes.

Question: So - -

Answer: So sorry.

Question: - - the team physician, when you've had surgery, and your own personal physician. But no other individuals like Mr. Anderson or any associates of his?

Answer: <u>No, no.</u>

In order for the defendant to be found guilty of Count Two, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant testified under oath before a grand jury;

2. The testimony described above was false;

3. The testimony was material to the grand jury before which he testified; and

4. The defendant knew that the testimony described above was false and material to the grand jury before which he testified.

A statement was material if it had a natural tendency to influence, or was capable of influencing, the decision of the grand jury to which it is addressed.

8

## COUNT THREE – FALSE DECLARATION
## (18 U.S.C. § 1623(a))

The defendant is charged in Count Three with making a material false declaration before a grand jury, in violation of 18 U.S.C. § 1623(a). Count Three alleges that the defendant made the following material false declaration (underlined below):

Question: And, again, just to be clear and then I'll leave it, but he [Anderson] never gave you anything that you understood to be human growth hormone? Did he ever give you anything like that?

Answer: <u>No.</u>

In order for the defendant to be found guilty of Count Three, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant testified under oath before a grand jury;

2. The testimony described above was false;

3. The testimony was material to the grand jury before which he testified; and

4. The defendant knew that the testimony described above was false and material to the grand jury before which he testified.

A statement was material if it had a natural tendency to influence, or was capable of influencing, the decision of the grand jury to which it is addressed.

**OBSTRUCTION OF JUSTICE**

**(18 U.S.C. § 1503)**

The defendant is charged in Count Five with obstruction of justice in violation of 18 U.S.C. § 1503. In order for the defendant to be found guilty of Count 5, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant corruptly, that is, for the purpose of obstructing justice,
2. obstructed, influenced, or impeded, or endeavored to obstruct, influence, or impede the grand jury proceeding in which defendant testified,
3. by knowingly giving material testimony that was intentionally evasive, false, or misleading.

A statement was material if it had a natural tendency to influence, or was capable of influencing, the decision of the grand jury.

The government alleges that the underlined portion of the following statements constitute material testimony that was intentionally evasive, false or misleading. In order for the defendant to be found guilty of Count 5, you must all agree that one or more of the following statements was material and intentionally evasive, false or misleading, with all of you unanimously agreeing as to which statement or statements so qualify:

1. The Statement Contained in Count One
2. The Statement Contained in Count Two
3. The Statement Contained in Count Three
4. Statement A:

Q: Let me move on to a different topic. And I think you've testified to this. But I want to make sure it's crystal clear. Every time you got the flax seed oil and the cream, did you get it in person from Greg?

A: Yes.

Q: Is that fair?

A: Yes.

Q: And where would you typically get it? Where would you guys be when he would hand

it to you generally?

A In front of my locker, sitting in my chair.

Q: Did he ever come to your home and give it to you?

A: <u>Oh, no, no, no. It was always at the ballpark.</u>

5.       Statement B:

Q: …Do you remember how often he recommended to you about, approximately, that you take this cream, this lotion?

A: I can't recall. I don't – I wish I could. I just can't . . . I just know it wasn't often. I just think it was more when I was exhausted or tired than like a regular regimen. You know, it was like if I was really sore or something, really tired…that's – that's --- that's all I can remember about that.

Q: … would you say it was more or less often or about the same as the amount of times you took the liquid, the flax seed oil, the thing you understood to be flax seed oil?

A: <u>I don't know. I never kept track of that stuff. I'm sorry. I didn't sit there and monitor that stuff.</u>

6.       Statement C:

Q: Did Greg ever give you anything that required a syringe to inject yourself with?

A: I've only had one doctor touch me. And that's my only personal doctor. Greg, like I said, we don't get into each others' personal lives. We're friends, but I don't – we don't sit around and talk baseball, because he knows I don't want – don't come to my house talking baseball. If you want to come to my house and talk about fishing, some other stuff, we'll be good friends, you come around talking about baseball, you go on. I don't talk about his business. You know what I mean? …

Q: Right.

A: <u>That's what keeps our friendship. You know, I am sorry, but that – you know, that – I was a celebrity child, not just in baseball by my own instincts. I became a celebrity child with a famous father. I just don't get into other people's business because of my father's situation, you see…</u>

7.       Statement D:

Q: Did Greg ever give you testosterone in injectable form for you to take?

A: No.

Q: Would you have taken it if he gave it to you?

A: He wouldn't jeopardize our friendship that way.

11

Q: And why would that – you're very clear that that would jeopardize your friendship. Why would that jeopardize your friendship?

A: Greg is a good guy. You know, this kid is a great kid. He has a child.

Q: Mm-hmm.

A: <u>Greg is – Greg has nothing, man. You know what I mean? Guy lives in his car half the time, he lives with his girlfriend, rents a room so he can be with his kid, you know? His ex takes his kid away from him every single five minutes. He's not that type of person. This is the same guy that goes over to our friend's mom's house and massages her leg because she has cancer and she swells up every night for months. Spends time next to my dad rubbing his feet every night. Our friendship is a little bit different.</u>

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**VERDICT FORM**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.